**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deshawn Briggs, et al., | No. CV-18-02684-PHX-EJM |
| Plaintiffs, | **ORDER** |
| v. | |
| County of Maricopa, et al., | |
| Defendants. | |

Pending before the Court is a Motion to Substitute Plaintiff (Doc. 155) filed by Antonio Pascale ("A. Pascale"), the son of named plaintiff Mark Pascale ("Decedent"), who recently passed away (Doc. 135). A. Pascale is the court-appointed personal representative of Decedent's estate and asks this Court to substitute him for Decedent as a named plaintiff in this suit.

All appropriate responses and replies have been filed, and the Court finds this matter suitable for decision without oral argument. For the reasons explained below, the Court will grant the motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In September of 2017, Decedent was charged with marijuana possession. (Doc. 110 ¶ 248; Doc. 159 at 2). The prosecutor in Decedent's case offered that if Decedent consented to participate in the Marijuana Deferred Prosecution Program ("MDPP") for 90 days and completed all program requirements, criminal proceedings would be suspended. (Doc. 110 ¶ 249; Doc. 159 at 2). Decedent agreed to the prosecutor's offer and entered MDPP on

November 17, 2017. (Doc. 155 at 2).

After 90 days in MDPP, Decedent had complied with all program requirements except for the payment of required program fees. (*Id.*). As a result, his required participation in the program was extended pending payment. (*Id.*). Decedent was required to pay for drug and alcohol testing three times per week while he remained enrolled in MDPP. (Doc. 110 ¶ 276; Doc. 159 at 2). Decedent satisfied all payments and finally graduated from MDPP on June 9, 2018,[1] almost seven months after he first enrolled in the program. (Doc. 155 at 2). On September 5, 2018, the court dismissed all criminal charges against Decedent. (Doc. 159 at 2).

On August 23, 2018, Plaintiffs filed their initial class action complaint with this Court alleging multiple causes of action under § 1983 for wealth-based discrimination in violation of their Fourteenth Amendment rights, (Doc. 1 ¶¶ 351–56, 363–70), and unreasonable search and seizure in violation of their Fourth and Fourteenth Amendment rights, (*Id.* ¶¶ 357–62). This case is now proceeding on the second amended complaint, filed by Plaintiffs on September 23, 2019. (Doc. 110). Plaintiffs are seeking compensatory damages, punitive damages, damages for pain and suffering, and declaratory and injunctive relief. (*Id.* ¶¶ 489–90, 514–15).

On October 27, 2019, Decedent unexpectedly died of causes unrelated to the present suit. (Doc. 155 at 2). A. Pascale, Decedent's son, was subsequently appointed as the personal representative of Decedent for probate purposes. (*Id.*).

On November 7, 2019, the surviving Plaintiffs notified Defendants of Decedent's death. (Doc. 155 at 2). On January 28, 2020, TASC filed a Notice of Death with this Court pursuant to Fed. R. Civ. P. Rule 25(a)(1). (Doc. 135).

A. Pascale filed his Motion for Substitution on April 27, 2020. (Doc. 155). Defendants filed their responses in opposition to the motion on May 11, 2020. (Doc. 159; Doc. 160). A. Pascale filed his reply on May 18, 2020. (Doc. 161).

. . .

---

[1] A. Pascale alleges Decedent completed the MDPP program on June 9, 2018. (Doc. 155 at 2). Defendants allege Decedent completed the program on July 5, 2018. (Doc. 159 at 2).

## II. STANDARD OF REVIEW

If a party dies and the decedent's claim is not extinguished, the decedent's successor or representative or any other party may file a motion for substitution, and the court may order substitution of a new party. Fed. R. Civ. P. 25(a)(1). A motion for substitution must be made within 90 days of notice of the death being formally filed with the court. *Id.*; *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Rule 25 does not restrict which party may or must file this notice. The moving party must also "serve other parties and nonparty successors or representatives of the deceased with a suggestion of death." *Barlow*, 39 F.3d at 233. If the court grants the motion for substitution, and the right sought to be enforced survives the decedent's death, the action proceeds unabated. Fed. R. Civ. P. 25(a)(2).

A court has broad discretion to grant motions for substitution pursuant to Rule 25. Fed. R. Civ. P. 25 advisory committee's note to 1961 amendment. ("An order of substitution is not required, but may be entered at any time if a party desires or the court thinks fit."). There is no requirement that the moving party demonstrate a "need to continue the action." *Id.* Rule 25 is generally permissively interpreted, and "[a] motion to substitute made within the prescribed time will ordinarily be granted." Fed. R. Civ. P. 25 advisory committee's note to 1963 amendment. Timely motions for substitution where the decedent's claim has not been extinguished are ordinarily denied only where such motions are made long after the decedent's death or where "circumstances have arisen rendering it unfair to allow substitution." *Id.*

## III. DISCUSSION

Here, A. Pascale argues that the Court should grant his Motion for Substitution because: (1) the motion is timely filed; (2) he is the proper party for substitution; and (3) Decedent's constitutional claims and claims for damages survive Decedent's death and pass to his personal representative. (Doc. 155 at 2–3).

Defendants oppose the Motion for Substitution arguing that: (1) under Arizona law, a decedent's § 1983 claim alleging violation of his or her Fourth Amendment right to be free from unreasonable search and seizure does not survive the decedent's death; and (2)

Arizona law precludes a decedent's personal representative from recovering the decedent's pre-death pain and suffering damages where the decedent's death was not causally related to the defendant's challenged conduct. (Doc. 159 at 2; Doc. 160 at 1).

The Court finds that A. Pascale's Motion for Substitution should be granted because Decedent's substantive claims and claim for damages have not been extinguished by Arizona's survival statute.[2]

### A. Fourth Amendment Claim

A. Pascale alleges that Defendants violated Decedent's Fourth Amendment right to be free from unreasonable search and seizure. (Doc. 155 at 2 n.1). Further, A. Pascale argues that per Arizona's survival statute, § 1983 claims for violation of Decedent's Fourth Amendment rights are not extinguished by his death. (*Id.* at 3). Defendants argue that the search and seizure claim is extinguished by Arizona's survival statute as an invasion of privacy claim, and therefore A. Pascale should be barred from pursuing Decedent's Fourth Amendment claim. (Doc. 160 at 2–3).

Pursuant to Rule 25, where a party seeks to substitute him or herself for a deceased party to a suit, the decedent's claim must not have been extinguished by his or her death. Fed. R. Civ. P. 25(a)(1). Whether a § 1983 claim survives the death of the plaintiff or is thereby extinguished is governed by state law. *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978) (stating that state survival statutes "provide[] the principal reference point in determining survival of . . . actions"). However, where state law precludes the survival of a decedent plaintiff's § 1983 claim, a federal court will treat that law as inapposite if following the law "would be inconsistent with the federal policies underlying the cause of action under consideration." *Id.* Per *Robertson*, the twin policy goals of § 1983 include "compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Id.* at 590–91.

Arizona's survival statute states that "*[e]very cause of action*, except a cause of

---

[2] Defendants do not dispute that A. Pascale is the proper party for substitution or that his motion was timely filed. Defendants also do not dispute that Decedent's Fourteenth Amendment claim survives his death. Thus, the Court will not address these issues further.

action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person." A.R.S. § 14-3110 (emphasis added). Only these enumerated tort claims are extinguished upon a plaintiff's death. "Most tort actions survive under the state law." *Fernandez v. Virgillo*, No. 2:12-CV-02475 JWS, 2014 WL 828383, at *4 (D. Ariz. Mar. 4, 2014); *see also Erickson v. Camarillo*, No. CV-14-01942-PHX-JAT, 2017 WL 2335659, at *2 (D. Ariz. May 30, 2017) ("Arizona law authorizes survival of most causes of action."). Further, this Court has held that A.R.S. § 14-3110 "is not generally inhospitable to § 1983 actions." *Fernandez*, 2014 WL 828383 at *4.

Tort claims for Fourth Amendment violations of one's right to be free from unreasonable searches and seizures are not included among those enumerated under A.R.S. § 14-3110 as extinguished upon a plaintiff's death. Defendants argue that this cause of action is necessarily extinguished as an "invasion of the right of privacy." (Doc. 160 at 3). However, this argument ignores the fact that "invasion of the right of privacy" is not a general category of torts under Arizona law, but rather it is a specific tort recognized by Arizona courts. *See, e.g.*, *Reed v. Real Detective Pub. Co.*, 63 Ariz. 294, 304 (1945) (recognizing that "a right of action for the invasion of the right of privacy exists"); *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 338 (1989). Arizona courts have defined "invasion of the right of privacy" according to the definition provided in the Second Restatement of Torts, which breaks the tort into four distinct cause of action: intrusion on seclusion, public disclosure of embarrassing facts, false light, and appropriation of one's name or likeness. Restatement (Second) of Torts § 652A (Am. Law Inst. 1977); *see also Rutledge v. Phoenix Newspapers*, *Inc.*, 148 Ariz. 555, 556 n.2 (Ct. App. 1986); *Godbehere*, 162 Ariz. 335. None of these causes of action is analogous to a Fourth Amendment claim for unreasonable search and seizure.

Although generally, "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted," *Alderman v. United States*, 394 U.S. 165, 174 (1969), this

Court has repeatedly acknowledged that, under Arizona law, § 1983 claims brought for violations of a decedent's Fourth Amendment rights may survive the decedent's death and be asserted vicariously by a substituted party, *Erickson*, 2017 WL 2335659 at *2; *Adame v. City of Surprise*, No. CV-17-03200-PHX-GMS, 2019 WL 2247703, at *2 (D. Ariz. May 24, 2019). For example, in *Erickson*, this Court held that a mother could pursue a Fourth Amendment § 1983 claim against a law enforcement officer for excessive use of force on behalf of her deceased son. 2017 WL 2335659 at *8. And, in *Sweet v. City of Mesa*, this Court allowed a wife to pursue a § 1983 claim on behalf of her decedent husband's estate for violations of the decedent's Fourth Amendment right to be free of unreasonable searches and seizures. No. CV-17-00152-PHX-GMS, 2018 WL 2464111, at *2–4, *10 (D. Ariz. June 1, 2018).

Although this Court stated in *Fernandez*[3] that a decedent plaintiff's Fourth Amendment claim for unlawful entry was extinguished upon his death, 2014 WL 828383 at *4; 2014 WL 2930749 at *5 (D. Ariz. June 30, 2014), this Court vehemently rejected the *Fernandez* decisions in *Erickson*, arguing that this Court's holding in *Fernandez* regarding the survival of the plaintiff's Fourth Amendment cause of action was inconsistent with the twin policy goals of compensation and deterrence underlying § 1983. *Erickson*, WL 2335659 at *5, *8. The undersigned finds *Erickson's* explicit rejection of *Fernandez* persuasive and concludes that the survival statute is not controlling

In *Fernandez*, a mother filed a § 1983 claim on behalf of her deceased son against two police officers, alleging, among other claims, unlawful entry in violation of the decedent's Fourth Amendment rights. 2014 WL 828283 at *2. The *Fernandez* Court dismissed the unlawful entry claim, finding that the decedent's claim was extinguished by

---

[3] This Court considered motions for summary judgment in *Fernandez v. Virgillo* on two occasions. In the first instance, *Fernandez v. Virgillo*, No. 2:12-CV-02475 JWS, 2014 WL 828383 (D. Ariz. Mar. 4, 2014), the decision cited by Defendants in their response, this Court considered the plaintiff's motion for summary judgment against the defendants. In its second decision, *Fernandez v. Virgillo*, No. 2:12-CV-02475 JWS, 2014 WL 2930749 (D. Ariz. June 30, 2014), this Court considered the defendants' motion for summary judgment against the plaintiff. Because the *Fernandez* Court's reasoning on the extinguishment of the plaintiff's Fourth Amendment claims in both instances is nearly identical, the Court considers the two decisions together here.

Arizona's survival statute. *Id.* at *4. The Court reasoned that extinguishment was not incompatible with § 1983's underlying compensation policy because the survival action was "not brought by [the] injured part[y himself], but rather by the executor[] of [his] estate[,]" and that § 1983's goal of compensating those whose constitutional rights were violated does not require compensation of those filing a claim on behalf of a decedent's estate. *Id.* at *4; *see also Robertson*, 436 U.S. at 592.

In *Erickson*, this Court strongly disagreed with the *Fernandez* holding. In that case, the plaintiff was the mother of a decedent acting as personal representative of her son's estate and filed an excessive force claim against a police officer under § 1983. *Erickson*, 2017 WL 2335659 at *1. The defendant argued that the decedent's claim was extinguished by his death. *Id.* at *2. The plaintiff countered that the decedent's claim should survive because A.R.S. § 14-3110 is inconsistent with the policy goals underlying § 1983. *Id.* at *2–3. This Court agreed with the plaintiff, finding that Arizona's survival statute was inconsistent with § 1983's underlying policies of compensation and deterrence. *Id.* at *5, *7. In reaching this conclusion, the Court explicitly disagreed with *Fernandez*'s reasoning that A.R.S. § 14-3110 "is not inconsistent with" the underlying policies of § 1983, *id.* at *8, and stated that "compensatory damages in Section 1983 actions [are] 'mandatory' when a violation is found." *Id.* at *4 (citing *Smith v. Wade*, 461 U.S. 30, 52 (1983)). The Court reasoned that "[t]he purpose of [Section] 1983 would be defeated if injuries caused by the deprivation of constitutional rights went uncompensated simply because of a deficiency in state tort law[,]" and that to categorically deny the survivors of a decedent recovery of damages where the decedent's constitutional rights were violated would be inconsistent with § 1983's underlying policies. *Id.* at *4–*5. Accordingly, this Court rejected *Fernandez* for "declin[ing] to consider Section 1983's compensation policy." *Id.*

Here, A. Pascale is pursuing a § 1983 claim against Defendants for violation of Decedent's Fourth Amendment right to be free of unreasonable search and seizure. Because Arizona's survival statute allows the survival of most causes of action after a decedent plaintiff's death, because Decedent's tort claim is not included among those

enumerated in the survival statute as necessarily extinguished upon his death, and because this Court has specifically held that Fourth Amendment causes of action survive, the Court finds that Decedent's claim survives his death. Although Defendants argue that this Court's decision in *Fernandez* requires that this Court find Decedent's claim to be extinguished, this Court in *Erickson* rejected *Fernandez* for its failure to consider the inconsistency between A.R.S. § 14-3110 and the underlying policy goals of § 1983. Accordingly, the Court finds that the state survival statute is not controlling and the Court will allow A. Pascale to pursue Decedent's Fourth Amendment cause of action as Decedent's personal representative.

### B. Damages Claim

A. Pascale contends that Decedent's damages claim under § 1983 for pre-death pain and suffering survives his death and can therefore be pursued by Decedent's legal representative. (Doc. 155 at 3). Defendants argue that Arizona law statutorily disallows the recovery of pre-death pain and suffering damages by a substituted party where the decedent's death was not caused by the defendant. (Doc. 159 at 4). Although A. Pascale acknowledges the limitation on the recovery of pre-death pain and suffering damages imposed by Arizona law, he argues that because this law is inconsistent with the policy goals underlying § 1983, the statute is therefore inapplicable.

Arizona's survival statute precludes the recovery of a decedent plaintiff's pre-death pain and suffering damages by a substituted party. A.R.S. § 14-3110 ("[U]pon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed."). However, this Court has repeatedly held Arizona's survival statute to be inconsistent with § 1983's twin goals of compensation and deterrence. *See Erickson*, 2017 WL 2335659 at *5, *8; *Seawright v. Arizona*, No. CV 11-1304-PHX-JAT, 2013 WL 452885, at *1 (D. Ariz. Feb. 6, 2013); *Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 885 (D. Ariz. 2008). Further, this Court has also found that the fact that a defendant's actions were not the cause of the plaintiff's death has no bearing on whether barring recovery of pre-death pain and suffering damages is inconsistent with the policy goals

underlying § 1983. *Erickson*, 2017 WL 2335659 at *7–8.

This Court's decision in *Erickson* is particularly instructive. There, the Court held that Arizona's survival statute is inconsistent with § 1983's underlying policies of compensation and deterrence. *Erickson*, 2017 WL 2335659 at *5, *7. The Court noted that "while the Arizona statute does not abate the entire survival claim, it abates damages for pre-death pain and suffering, which courts have recognized strike[s] at the very heart of a [S]ection 1983 action. . . . Absent such a remedy, the [S]ection 1983 action amounts to little more than a tort claim." *Id.* at *5 (internal quotations and citations omitted). The Court therefore found that "[b]y abating recovery of pain and death suffering damages for *all* survival actions, Ariz. Rev. Stat. § 14-3110 is inconsistent with Section 1983's policy of compensation." *Id.* The *Erickson* Court made clear that its holding applies even "where a decedent's death is unrelated to a defendant's allegedly wrongful conduct." *Id.* at *6; *see also Williams v. City of Oakland*, 915 F. Supp. 1074, 1077 (N.D. Cal. 1996) (rejecting defendants' argument that the decedent's claim for damages did not survive her death because the defendants' actions did not precipitate the decedent's death, and holding that California's survival statute was inconsistent with § 1983's policy of compensation because "[t]o deny pain and suffering damages would strike at the very heart of a section 1983 action."(internal quotations and citation omitted)).

The *Erickson* Court further found that § 14-3110's bar on pain and suffering damages thwarts § 1983's goal of deterring unlawful conduct by removing "'the prospect of a 1983 action' reaching its conclusion" and awarding a windfall to the defendant because the longer the victim lives, the higher the compensatory damages will likely be, but "if the victim dies from a complication unrelated to his lawsuit, the defendant is awarded a substantial windfall as the damages for pain and suffering are suddenly unrecoverable." 2017 WL 2335659 at *7 ("Allowing a mere fortuity for the defendant to produce a significant windfall runs contrary to Section 1983's policy goal of deterring unlawful conduct."). "Moreover, it is not unforeseeable that a defendant may employ stalling tactics that prevent a plaintiff's expeditious recovery under the belief that with each passing day,

the plaintiff is a day closer to death[,]" and such "[p[erverse incentives . . . are inconsistent with Section 1983's policy of deterrence . . . regardless of whether the official proximately caused a victim's death." *Id.* at *8. Thus, the Court concluded that "[u]nder Ariz. Rev. Stat. § 14-3110, it is the fact of death—regardless of the cause—that abates recovery for pre-death pain and suffering damages. Therefore, because the abatement of pre-death pain and suffering damages is often 'tantamount to a prohibition' of a survival claim, Arizona's survival statute is inconsistent with the Section 1983 policy of deterrence." *Id.* (internal citation omitted).

Although the U.S. Supreme Court held in *Robertson* that Louisiana's survival statute barring the recovery of pain and suffering damages was not inconsistent with the underlying policy goals of § 1983, that case is not dispositive here. 436 U.S. at 595. As this Court explained in *Erickson*, *Robertson*'s very narrow holding only addressed the lack of inconsistency between the federal law and a very specific state survival statute that precluded recovery for pain and suffering damages where the executor of the estate did not have a close familial relationship with the decedent—a situation that the Supreme Court recognized would affect very few individuals. *Erickson*, 2017 WL 2335659 at *4. "The [Supreme] Court also anticipated that a 'different situation might well be presented . . . if state law did not provide for survival of any tort actions, or if it significantly restricted the types of actions that survive.'" *Id.* (quoting *Robertson*, 436 U.S. at 594). Thus, in the present case, the Court finds that *Robertson's* narrow holding has no bearing on whether A.R.S. § 14-3110, a much broader state survival statute, is inconsistent with the policy goals of § 1983. *Id.* at *5.

Defendants cite two decisions from this Court, *Burns v. City of Scottsdale*, No. CIV. 96-CV-00578-PHX, 1998 WL 35261695 (D. Ariz. Apr. 29, 1998) and *Cortez v. Skol*, 2017 U.S. Dist. LEXIS 11608 (D. Ariz. Jan. 26, 2016), which Defendants argue support a finding that A.R.S. § 14-3110 is not inconsistent with the underlying policy goals of § 1983. (Doc. 159 at 6–7). However, this Court previously rejected both of those cases as not dispositive of the issue at hand in *Erickson*. The *Erickson* Court found that *Burns* based its decision

on a misreading of the narrow holding in *Robertson*, and rejected *Burns'* reasoning that where a substituted plaintiff is not precluded from seeking compensatory or punitive damages, the survival statute's effect of precluding a substituted plaintiff from recovering pain and suffering damages is not inconsistent with § 1983's compensation policy. *Erickson*, 2017 WL 2335659 at *6. The *Erickson* Court also rejected *Cortez*, arguing that the *Cortez* Court never considered the issue of whether Arizona's survival statute was inconsistent with § 1983's underlying policies, but rather restricted its analysis to the question of whether the defendant caused the decedent plaintiff's death. *Id.*

Here, although Arizona's survival statute explicitly precludes a substituted plaintiff from recovering a decedent's pre-death damages for pain and suffering, the Court finds that, pursuant to *Erickson* and the other decisions discussed above, to apply A.R.S. § 14-3110 to deny recovery in this case would be inconsistent with the twin policy goals of compensation and deterrence underlying § 1983. Further, the Arizona survival statute is inconsistent with § 1983 regardless of whether Defendants' actions precipitated Decedent's death or not. Therefore, the Court finds that A.R.S. § 14-3110 does not extinguish Decedent's damages claim for pre-death pain and suffering, and the Court will grant A. Pascale's Motion for Substitution.

## IV.   CONCLUSION

Accordingly, based on the foregoing,

**IT IS HEREBY ORDERED** granting A. Pascale's Motion to Substitute. (Doc. 155). Antonio Pascale, in his role as personal representative of Mark Pascale's estate, is hereby substituted for decedent Plaintiff Mark Pascale.

**IT IS FURTHER ORDERED** that the case caption of this action be amended to replace "MARK PASCALE" with "ANTONIO PASCALE, as Personal Representative of the Estate of Mark Pascale."

Dated this 23rd day of June, 2020.

Eric J. Markovich
United States Magistrate Judge