# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deshawn Briggs, et al., | No. CV-18-02684-PHX-EJM |
| Plaintiffs, | **ORDER** |
| v. | |
| Allister Adel, et al., | |
| Defendants. | |

Having reviewed the Stipulated Motion to Dismiss with Prejudice All Claims and All Requests for Relief Asserted Against County Defendants, With The Sole and Exclusive Exception of Plaintiffs' Request for Attorneys' Fees and Costs Incurred Prior to May 9, 2020 In Asserting Claims and Requests for Relief Against County Defendants, Only, jointly filed by Plaintiffs Deshawn Briggs, Lucia Soria and Antonio Pascale, as Personal Representative of the Estate of Mark Pascale, ("Plaintiffs") and Defendants Maricopa County and Maricopa County Attorney Allister Adel ("County Defendants"), and good cause appearing therefor, **IT IS HEREBY ORDERED** as follows:

1. GRANTING the Stipulated Motion to Dismiss with Prejudice All Claims and All Requests for Relief Asserted Against County Defendants, With The Sole and Exclusive Exception of Plaintiffs' Request for Attorneys' Fees and Costs Incurred Prior to May 9, 2020 In Asserting Claims and Requests for Relief Against County Defendants, Only (Doc. 196);

2. ORDERING that each and every claim and each and every request for relief

asserted by Plaintiffs against County Defendants in this case, including each and every claim and each and every request for relief alleged by Plaintiffs individually and as putative class representatives on behalf of putative classes and on behalf of themselves as putative class members, including requests for attorneys' fees and costs, is dismissed with prejudice, with the <u>sole and exclusive exception</u> of Plaintiffs' request for their reasonable attorneys' fees and costs incurred <u>prior to May 9, 2020</u> in asserting claims and requests for relief in this case against County Defendants, <u>only</u>.[1] Each side shall bear their own attorneys' fees and costs incurred in negotiating and documenting the partial settlement and related dismissal filings; and

3. ORDERING that with respect to Plaintiffs' request for reasonable attorneys' fees and costs incurred <u>prior to May 9, 2020</u> in asserting claims and requests for relief in this case against County Defendants, <u>only,</u> Plaintiffs and County Defendants shall file a joint status report notifying the Court of the status of settlement negotiations with respect to such request on November 13, 2020, November 20, 2020, and December 4, 2020. The Court will set a briefing schedule for resolving such request under Rule 54, Fed. R. Civ. P., LRCiv. 54.1 and LRCiv 54.2, if Plaintiffs and County Defendants have not made notification of reaching a settlement agreement with respect to such request on or before December 4, 2020.

IT IS SO ORDERED.

. . .

. . .

. . .

---

[1] This includes not to exceed a total of one-half (50%) of nonsegregable reasonable attorneys' fees and costs incurred in asserting claims and requests against both the County Defendants and Defendant TASC. Each side will bear their own attorneys' fees and costs incurred in settlement or litigation in relation to Plaintiffs' sole and exclusive remaining request for relief against County Defendants, *i.e.*, Plaintiffs' request for reasonable attorneys' fees and costs incurred prior to May 9, 2020 in asserting claims and requests for relief in this case against County Defendants, only.

Dated this 2nd day of November, 2020.

Eric J. Markovich
United States Magistrate Judge