# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deshawn Briggs, et al., | No. CV-18-02684-PHX-EJM |
| Plaintiffs, | **ORDER** |
| v. | |
| County of Maricopa, et al., | |
| Defendants. | |

On Plaintiffs' and TASC's request (Doc. 208), a status hearing was held before the Honorable Eric J. Markovich on December 10, 2020 (Docs. 207, 211, and 213). The parties dispute whether TASC may redact references to the end date that participants completed or were terminated from the Marijuana Deferred Prosecution Program ("MDPP") as part of TASC's redaction of the sample of files that the Court previously ordered TASC to disclose to Plaintiffs.

Following the December 10, 2020 hearing, the Court ordered the parties to file a joint supplemental pleading to including the following: 1) A list of the exhibits that the parties submitted with their joint request for status hearing, an explanation of how the exhibits were produced or obtained, and the parties' understanding of what each document reflects or represents; 2) five redacted MDPP program files from each party that represent, in that party's opinion, how easy or difficult it is to determine a participant's program completion/termination date; and 3) any available case law relevant to the issue of whether the program end dates might be considered "similar information"

under 42 C.F.R. § 2.11. (Doc. 214). The parties filed their joint submission on December 23, 2020. (Doc. 219).

Plaintiffs argue that the program completion dates are relevant to their case for class certification because the dates show whether someone's term of supervision was extended, for how long, and for what reason. The undersigned recognizes the importance of the program start and end dates for Plaintiffs to show whether TASC had a policy or practice of extending people in the program solely because they were unable to pay the required fees (or terminating people from the program solely because they were unable to pay the fees). The undersigned also acknowledges that TASC's redaction of all dates indicating when a participant successfully completed or was otherwise terminated from the program prevents Plaintiffs from determining exactly how long a participant was in MDPP. However, although the sample files do not identify an exact end date, the files do indicate an approximate timeframe that a participant completed the program. The files include the date that the participant started the program, dates he/she made program fee payments, dates of urinalysis screenings and payments, and dates of correspondence with caseworkers. TASC avers that successful completion of MDPP occurs within a few days of the last payment or last drug test.[1] Thus, by looking at a participant's start date and the dates of their last payment and last drug test, it can easily be ascertained whether someone was in MDPP for approximately 90 days, longer than 90 days, or longer than 6 months.[2] Further, the information in the files can indicate why a participant remained in MDPP for longer than 90 days, such as positive drug tests, missed appointments, or

---

[1] In some cases, the completion may be unsuccessful, such as when a participant is terminated from MDPP and referred back to the county attorney's office for prosecution. *See, e.g.*, Doc. 219 TASC's MDPP File 2 (participant failed several tests and failed to appear for testing, received multiple program violation letters, and ultimately requested that his file be returned to MCAO).

[2] For example, in Plaintiffs' MDPP File 1, the participant started MDPP on October 3, 2018. Assuming the participant had complied with all program requirements and paid all fees, he/she could have completed MDPP in 90 days, on January 1, 2019. The participant's 6-month deadline for program completion was April 2, 2019. The participant's drug testing history shows the last test was on April 11, 2019. Thus, whether the participant completed MDPP on April 11, April 12, or perhaps the following week, it is clear that he/she was in the program for more than 90 days and more than 6 months from the initial start date.

inability to pay the required fees.[3] Thus, even without an exact end date, it is still evident from the files whether a participant was in the program for more than 90 days and whether that extension was based solely or partially on alleged inability to pay. The undersigned therefore finds that an exact end date is not necessary or relevant at this time.[4]

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. TASC shall continue to redact the program participant's completion/termination date from the MDPP program files to be disclosed to Plaintiffs in the sample previously ordered by the Court. *See* Doc. 182.
2. To the extent that Plaintiffs cannot reliably ascertain from the redacted file approximately when a particular participant completed the program, Plaintiffs shall identify the file(s) at issue and provide TASC with a list of the file(s). TASC shall confirm whether the participant was in MDPP for more than 90 days, or more than 6 months.
3. TASC shall continue rolling production of the MDPP program files and shall produce all files by **January 15, 2021**.
4. As previously ordered by the Court, the parties shall endeavor to work together to identify what constitutes a "patient" under the Public Health Services Act, and which files can be disclosed in unredacted form. If the parties are unable to come to an agreement regarding which files may be produced in unredacted

---

[3] Plaintiffs' MDPP File 2 documents that the participant started MDPP on September 8, 2016. The last case manager note is dated August 22, 2017. It is thus clear that this person was in MDPP for well over 90 days. Further, the case manager notes indicate that the participant was having difficulty finding the money to pay for the MDPP program fees and drug tests. While Plaintiffs state that having the exact completion date would further support the inference that TASC did not allow the person to complete MDPP until all fees were paid, the inference is already there and can be ascertained by considering the totality of the information in the file.

[4] Further, following completion of TASC's disclosure of the sample files, Plaintiffs can identify which files, in Plaintiffs' estimation, belong to participants who are not "patients" within the meaning of the Public Health Services Act and whose files are therefore not subject to redaction. Plaintiffs state that, based on their review of the files produced thus far, very few are protected by PHSA. Once TASC produces the unredacted files for participants who are not "patients," Plaintiffs will have the exact end date data for what could be a substantial number of the sample files.

form, the parties may file a motion or stipulation with the Court to request a status hearing. *See* Doc. 201.

**IT IS SO ORDERED**.

Dated this 7th day of January, 2021.

Eric J. Markovich
United States Magistrate Judge