**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deshawn Briggs, et al., | No. CV-18-02684-PHX-EJM |
| Plaintiffs, | **ORDER** |
| v. | |
| County of Maricopa, et al., | |
| Defendants. | |

Pending before the Court is Defendant TASC's Motion to Stay Discovery. (Doc. 252). Plaintiffs filed a Response (Doc. 267) and TASC filed a Reply (Doc. 270).

TASC argues that all discovery should be stayed pending resolution of its motion for summary judgment because: (1) TASC's motion for summary judgement could resolve this case in its entirety; (2) no discovery is necessary to resolve the motion for summary judgement; (3) TASC has already incurred enormous expense in discovery; and (4) the discovery that Plaintiffs seek and are anticipated to seek is burdensome, of limited utility, and will burden third parties unnecessarily.

In response, Plaintiffs argue that discovery should be not stayed because: (1) TASC's motion for summary judgement is premature, factually misleading, and wrong on the merits; (2) Plaintiffs need additional discovery to rebut TASC's arguments in the motion for summary judgment; (3) the ordinary time and expense of litigation does not establish good cause for a stay, especially where the supposed burden on TASC is based on hypothetical discovery requests that the Plaintiffs have not even made; and (4) a stay

1  at this stage of the litigation—less than six weeks before the close of class certification
2  fact discovery—would unfairly prejudice Plaintiffs by delaying the adjudication of their
3  claims and the resolution of this case.

4  Neither the Federal Rules of Civil Procedure nor Ninth Circuit case law provide a
5  clear standard against which to evaluate a motion to stay discovery when a dispositive
6  motion is pending. *DRK Photo v. McGraw-Hill Companies, Inc.*, 2012 WL 5936681, at
7  *1 (D. Ariz. Nov. 27, 2012). While "[c]ourts have broad discretionary power to control
8  discovery[,] . . . [a] pending dispositive motion is not generally a situation that in and of
9  itself would warrant a stay of discovery." *Id.* (internal quotations and citations omitted).
10 Here, the parties generally agree on the legal standard utilized by district courts in the
11 Northern and Eastern Districts of California. That is, a stay may be granted where: (1) the
12 pending motion is potentially dispositive of the entire case, or at least dispositive on the
13 issue at which discovery is directed; and (2) the motion can be decided without any
14 additional discovery. *Id.* Discovery must proceed if both prongs of this test are not proven
15 by the party seeking a stay. Applying this two-part test requires a "preliminary peek" at
16 the merits of the pending dispositive motion and a showing by the moving party "that
17 there is at least an immediate and clear possibility of success on [that] motion." *Id.* at *2
18 (internal quotations and citation omitted). TASC points out that Fed. R. Civ. Pro. 26(c)(1)
19 authorizes a court to stay discovery where there is good cause to do so, such as to avoid
20 undue burden and expense. (Doc. 252 at 4). Plaintiffs emphasize that a party seeking a
21 blanket stay of discovery "carries a heavy burden of making a strong showing why
22 discovery should be denied." (Doc. 267 at 5) (quoting *DRK Photo*, 2012 WL 5936681, at
23 *1).

24 In light of the legal backdrop discussed above, the Court must first resolve
25 whether TASC has shown that there is an immediate and clear possibility of success on
26 their summary judgment motion. Plaintiffs have not yet filed their response to the motion
27 for summary judgment. As a result, it is difficult for this Court to conduct a " preliminary
28 peek" at the motion to assess its likelihood of success. The Court notes that TASC's

1  arguments in support of the motion for summary judgement are persuasive. However, in
2  their Response in opposition to the Motion to Stay Discovery, Plaintiffs provide a
3  preview of the arguments they will make in their response to TASC's summary
4  judgement motion. The Court finds those arguments equally persuasive. As such, the
5  Court's "preliminary peek" at the summary judgement motion does not evidence that
6  TASC will likely prevail on that motion. Because TASC cannot meet this first prong of
7  the test for granting a stay of discovery, the Court declines to stay discovery.

8      The Court acknowledges and accepts TASC's arguments about the time and
9  expense of the discovery conducted thus far. But, unfortunately, substantial time and
10 expense in conducting discovery are present in most civil cases, and especially in a case
11 involving a potential class action. And the Court notes that discovery is already limited to
12 potential class certification. TASC has the right, as it has previously done, to file motions
13 or seek court intervention regarding discovery requests that it believes are unrelated to
14 class certification and/or are unreasonably broad and not proportional to class
15 certification. The Court believes that those are the proper remedies, and not a wholesale
16 stay of discovery relating to class certification, especially given the impending deadline
17 on that issue.

18     Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that
19 Defendant TASC's Motion to Stay Discovery is denied. (Doc. 252).

20     Dated this 26th day of April, 2021.

Eric J. Markovich
United States Magistrate Judge