# EXHIBIT 2

<u>**SETTLEMENT AGREEMENT**</u>

Named Plaintiffs Deshawn Briggs, Lucia Soria, and Antonio Pascale (acting for the estate of Mark Pascale), on behalf of the Settlement Class as defined below, and Defendant Treatment Assessment and Screening Center, Inc. (TASC) enter this Settlement Agreement in order to effect a full and final settlement and dismissal with prejudice of all claims against TASC as alleged in the case captioned *Briggs, et al., v. Treatment Assessment Screening Center, Inc.*, No. CV-18-2684-PHX-EJM (D. Ariz. Aug. 23, 2018) (the Litigation), on the terms set forth below, subject to approval of the Court.

**I.   RECITALS**

A.    TASC provided pretrial diversion services to county governments. Beginning in 1990, TASC contracted with the Maricopa County Attorney's Office (MCAO) to operate the Adult Deferred Prosecution Program (ADPP), to include the Possession of Marijuana Deferred Prosecution Program (POM) for people accused of marijuana possession.

B.    On August 23, 2018, Named Plaintiffs Deshawn Briggs and Mark Pascale,[1] along with former Named Plaintiff Taja Collier, filed a putative class action complaint against MCAO and TASC in the United States District Court for the District of Arizona.[2] Doc. 1. On September 23, 2019, Plaintiffs filed their Second Amended Complaint, adding Named Plaintiff Lucia Soria. Doc. 110. Named Plaintiffs are represented by the following firms: Civil Rights Corps; Osborn Maledon, P.A.; Covington & Burling LLP (collectively, "Class Counsel").

C.    In the Litigation, Named Plaintiffs represent a class of people who participated in POM in

---

[1] Mark Pascale passed away during the pendency of the Litigation. His son Antonio Pascale, in his capacity as personal representative of the Estate of Mark Pascale, substituted him as Named Plaintiff. Doc. 171.
[2] On October 13, 2018, Named Plaintiffs filed their First Amended Complaint, adding former Named Plaintiff McKenna Stephens. Doc. 20. Former Named Plaintiffs McKenna Stephens and Taja Collier were dismissed with prejudice from the Litigation on February 7, 2020. Doc. 138.

Maricopa County, Arizona.

D.      In the Litigation, Named Plaintiffs allege claims against TASC for violations of due process and equal protection rights, as well as the right to be free from unreasonable searches, under the U.S. Constitution.[3]

E.      Named Plaintiffs and Class Counsel conducted an extensive examination of the facts and documents relating to the Litigation, including, among other things, engaging in an extensive investigation before filing the Litigation.

F.      Since filing the Litigation, Named Plaintiffs and Class Counsel have continued to vigorously pursue this case, including by: (a) successfully defeating MCAO's and TASC's motions to dismiss; (b) successfully defeating TASC's motion for summary judgment; (c) reviewing nearly 8,000 pages of documents produced by Defendants; (d) prevailing on several motions to compel evidence; (e) defending Named Plaintiffs' depositions; (f) taking depositions of several of TASC's former employees and TASC's expert witnesses; (g) serving reports from three experts and defending those experts during depositions; (h) filing a motion for class certification and three motions to exclude TASC's expert witnesses; and (i) engaging in mediation.

G.      This Settlement was reached after a detailed mediation process conducted with the help of a skilled mediator.

H.      The Litigation, if it were to continue, would likely result in expensive and protracted litigation, appeals and continued uncertainty as to the outcome.

I.      Named Plaintiffs and Class Counsel have concluded that this Settlement provides substantial benefits to Named Plaintiffs and to the Settlement Class and resolves the Litigation without

---

[3] Named Plaintiffs sought both injunctive relief and monetary damages. The injunctive claims were mooted during the course of the litigation. Doc. 375 at 2-3. Only the damages claims remain.

prolonged litigation and the risks, delays, and uncertainties inherent in litigation.

J.      Named Plaintiffs and Class Counsel have concluded that this Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class.

K.      Without admitting or conceding any wrongdoing, liability, or damages, or the appropriateness of the Named Plaintiffs' claims or similar claims for class treatment, TASC consents to the Settlement Agreement as set forth herein solely to avoid the expense, inconvenience and inherent risk of litigation.

L.      NOW, THEREFORE, in consideration of the foregoing and the mutual covenants, promises, and general releases set forth below, the sufficiency and adequacy of which are hereby acknowledged, and contingent on the Court's preliminary and final approval, the Named Plaintiffs and TASC hereby agree as follows:

## II.   DEFINITIONS

A.      "Attorneys' Fee Award" means the Court-approved award of fees, expenses and/or costs described in Section VIII.A.

B.      "Available Cash Award Total" means total of the Cash Awards and the amount of money in the Settlement Fund available to pay such Cash Awards.

C.      "Cash Award" means the cash compensation that eligible Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Section VI.C.

D.      "Claim Deadline" means ninety (90) days after the Notice Date, which date will be specified in the Class Notice.

E.      "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein and which includes both a Verification of Income (as defined in Paragraph SS. below) and a PHSA Release (as defined in Paragraph CC. below).

F.     "Claims Period" means the period covering the applicable limitations period in the Litigation, from August 23, 2016, through August 15, 2020.

G.     "Class Counsel" means Civil Rights Corps, Covington & Burling LLP, and Osborn Maledon P.A.

H.     "Class Member List" means a report of the POM participants for the Claims Period, which shall include the full names, dates of birth, social security numbers, last known addresses, phone numbers, email addresses, and any other relevant contact information, to the extent any of the foregoing is contained within TASC's POM participant record reports.

I.      "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things, which documents shall be substantially in the form of Exhibits 2 (Short Form) and 3 (Long Form).

J.      "Complete Participant File" means the available complete, unredacted record that TASC maintains pursuant to its treatment and/or program policies for every POM participant.

K.     "Court" means the United States District Court for the District of Arizona.

L.      "Effective Date" means the date on which all the conditions set forth in Section XIII.A. are satisfied.

M.     "Fairness Hearing" means the hearing at which the Court will make a final determination as to whether the terms of the Settlement Agreement are fair, reasonable, and adequate, and whether the settlement should be finally approved by the Court.

N.     "File Request List" means the list of claimants compiled by the Settlement Administrator and submitted to TASC for the purpose of obtaining each claimant's Complete Participant File.

O.     "Final Order and Judgment" means the order entered by the Court after the Fairness

Hearing approving the Settlement.

P.      "Litigation" means the case captioned *Briggs, et al., v. Treatment Assessment Screening Center, Inc.*, No. CV-18-2684-PHX-EJM (D. Ariz. Aug. 23, 2018).

Q.       "Name and/or Address Update Deadline" means ninety (90) days after the Notice Date, which date will be specified in the Class Notice.

R.      "Name and/or Address Update Form" means a form that Settlement Class Members can complete and submit on or before the Name and/or Address Update Deadline to ensure the Cash Award they are entitled to is sent to the correct person and address, which document shall be substantially in the form of Exhibit 7.

S.      "Named Plaintiffs" means, collectively, Deshawn Briggs, Lucia Soria, and Antonio Pascale (on behalf of the Estate of Mark Pascale).  Individually, Mr. Briggs, Ms. Soria, and Mr. Pascale are each considered a "Named Plaintiff."

T.      "Notice and Administration Costs" means any and all reasonable and authorized costs and expenses of notice and administration relating to this Settlement, including distributing the Notice of Settlement to the Settlement Class and advertising on social media, collecting and notifying counsel of objections and opt outs to the Settlement, if any, distributing applicable tax documentation, postage/other costs, determining whether every individual who submits a Claim Form has a Valid Claim, and calculating and distributing payments under the Settlement.

U.      "Notice Date" means the first day on which the Settlement Administrator and/or other parties begin disseminating the Class Notice, and shall be no later than thirty (30) days after the Preliminary Approval Date.

V.      "Objection" shall refer to an objection to the terms of the Settlement Agreement that comports with the requirements as set forth in Section IX.A.

W.      "Objection Deadline" means ninety (90) days after the Notice Date, which date will be specified in the Class Notice.

X.      "Opt-Out" shall refer to a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section IX.D.  An Opt-Out may rescind a request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits of the Settlement.

Y.      "Opt-Out Deadline" means ninety (90) days after the Notice Date, which date will be specified in the Class Notice.

Z.      "Opt-Out List" shall refer to the list compiled by the Settlement Administrator pursuant to Section IX.F., identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

AA.     "Parties" means Named Plaintiffs, Settlement Class Members, and TASC.

BB.     "Pay-Only Extension" means the period of diversion supervision that commenced once a participant had met all program requirements other than the payment of program fees, as set forth in Exhibit 4.

CC.     "PHSA Release" means a signed release of information from the applicable Settlement Class Member authorizing TASC to release to the Settlement Administrator and Class Counsel information contained in the Complete Participant File that is ordinarily protected by the PHSA (Public Health Service Act, 42 U.S.C. § 290dd-2(a), and its implementing regulations, Title 42, Chapter 1, Part 2 of the Federal Register, 42 C.F.R. §§ 2.1-2.67), HIPAA (Health Insurance Portability and Accountability Act of 1996), or any applicable state or federal statutes or regulations, which document shall be substantially in the form of Exhibit 6.

DD.     "POM" means the Possession of Marijuana Deferred Prosecution Program, the marijuana

diversion program established and governed by MCAO and operated by TASC pursuant to a Memorandum of Understanding, that is the subject of the Litigation.

EE.    "Preliminary Approval Date" means the date the Preliminary Approval Order has been entered by the Court and received by counsel for the Parties.

FF.    "Preliminary Approval Order" means the order of the Court preliminarily approving this Settlement Agreement and certifying a provisional Settlement Class attached hereto without material alteration as Exhibit 1.

GG.    "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, promises, agreements, offsets, liabilities, injuries to person or property, predicate acts, demands, damages, losses, costs or expenses, fixed or contingent, direct or indirect, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which any Party had, now has, or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions, or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating in any way to the Litigation. For the avoidance of doubt, the term "Released Claims" includes any claim for attorneys' fees, expenses, or costs, except as agreed in Section VIII.A.

HH.    "Released TASC Persons" means TASC, and all of its past, present, and future elected and appointed directors, officers, attorneys, officials, council members, administrators, agents, affiliates, departments, divisions, insurers, boards, component units, officers, representatives, servants, subsidiaries, partners, insurers, contractors, employees, all other persons, firms, and entities in privity with TASC who may have been, are now or may hereafter be affiliated with TASC, and the predecessors, successors, heirs, and assigns of all of the foregoing.

II.    "Service Payment" means the final Court-approved award to each Named Plaintiff as

described in Section VIII.B.

JJ.    "Settlement Administrator" means Atticus Administration LLC, which shall administer the Class Notice, maintain the Settlement Website and hotline, and administer the Settlement in accordance with this Settlement Agreement and the Court's orders.

KK.    "Settlement Agreement" or "Settlement" means this Settlement Agreement and Release, including all exhibits hereto.

LL.    "Settlement Class" means all persons who fall within the definition of the class identified in Section IV.A.

MM.    "Settlement Class Members" means all Persons in the Settlement Class who do not exclude themselves (*i.e.*, become Opt-Outs) pursuant to Section IX.D.

NN.    "Settlement Class Notice Program" means the process by which the Settlement Administrator will distribute the Class Notice, and maintain the Settlement Website and hotline, as outlined in Exhibit 8,

OO.    "Settlement Fund" means the interest-bearing qualified settlement account at a federally-insured financial institution in which the Settlement Fund Payment shall be placed.

PP.    "Settlement Fund Payment" means the sum of two million and six-hundred thousand dollars ($2,600,000), one million and six-hundred thousand dollars ($1,600,000) of which is to come directly from TASC, and one million ($1,000,000) of which TASC will obtain from its insurer in order to resolve the claims in the Litigation, which at the time of the execution of this Settlement Agreement is Philadelphia Insurance Companies.

QQ.    "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice, and the Claim Form. It shall also include the

functionality to permit claim forms to be submitted online with electronic certifications and signatures.

RR.    "Valid Claim" means a timely and fully completed Claim Form submitted by a Settlement Class Member as more fully described in Section VII.

SS.    "Verification of Income" means a statement verifying under penalty of perjury that the claimant was a recipient of public benefits or otherwise believes they met the threshold standard for inability to pay the TASC program fees during their enrollment in POM, as set forth in Exhibit 5, which relies on the 2018 Self-Sufficiency Standard.

TT.    The plural of any defined term includes the singular, and vice versa, as made necessary in context.

## III.    PURPOSE OF THIS AGREEMENT AND GENERAL TERMS

A.    This Settlement Agreement, and its exhibits, which are incorporated by reference with the same force and effect as though fully set forth herein, are not, and shall not at any time be construed or deemed to be, an admission or concession by TASC of any liability or wrongdoing, regardless of whether this Settlement Agreement is finally approved by the Court. Any payment of money or any other action taken by TASC pursuant to any provision of this Settlement Agreement shall not at any time be construed or deemed to be an admission or concession of any liability or wrongdoing, regardless of whether this Settlement Agreement is finally approved by the Court. TASC denies any liability or wrongdoing to Named Plaintiffs and to all Settlement Class Members.

B.    This Settlement Agreement shall fully and finally settle all individual and class claims against all Released TASC Persons as described in Section XI.B. (Release Provisions).

C.    Promptly after the date on which this Settlement Agreement is fully executed by all Parties, the Parties shall file a motion for preliminary approval of this Settlement Agreement and request that the Court enter a Preliminary Approval Order in substantially the same form as Exhibit 1.

D.     Class Counsel and TASC's Counsel will use their best efforts, consistent with the terms of this Settlement Agreement, to promptly obtain a Final Judgment.

E.     In the event that the Court fails to issue either the Preliminary Approval Order or the Final Order and Judgment, Class Counsel and TASC's Counsel agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect identified by the Court within fourteen (14) business days of the entry of an Order in which the Court identifies the defect, or as otherwise ordered by the Court.

F.     At or within seven (7) days of the Fairness Hearing, the Parties shall request that the Court enter a Final Order and Judgment consistent with the parameters set forth in Section XI.A.

## IV.     PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.     Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for settlement purposes, of the following Settlement Class:

> All individuals who, at any time between August 23, 2016, and August 15, 2020, (1) were enrolled in the marijuana diversion program (POM) operated by Defendants TASC and the Maricopa County Attorney's Office (MCAO); (2) at some point in time during their enrollment, satisfied all program requirements for successful completion other than payment of program fees; and (3) after that point in time, were required to remain on the program solely because they had not paid the required fees, without any determination that their nonpayment was willful.

B.     Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the entering of an order preliminarily certifying the Settlement Class, appointing Deshawn Briggs, Lucia Soria, and Antonio Pascale (as the duly-appointed representative of the Estate of Mark Pascale) as representatives of the Settlement Class and appointing the following as Class Counsel for the Settlement Class:

> Ryan Downer
> Sumayya Saleh
> Bina Ahmad
> CIVIL RIGHTS CORPS
> 1601 Connecticut Ave. NW, Suite 800
> Washington, D.C. 20009

Stanley Young
COVINGTON & BURLING LLP
3000 El Camino Real, 5 Palo Alto Square, 10th Floor
Palo Alto, California 94306

Timothy Eckstein, 018321
OSBORN MALEDON, P.A.
2929 N. Central Ave., Suite 2100
Phoenix, Arizona  85012-2793

C.      Solely for the purpose of implementing this Settlement Agreement and effectuating the

Settlement, the Parties stipulate to the Court entering an order preliminarily finding that the Named

Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

D.      TASC does not agree to the certification of the Settlement Class or to the appointment or

adequacy of the Named Plaintiffs or Class Counsel for any purpose other than to effectuate the Settlement

and the Settlement Agreement.

E.      In the event that the Settlement Agreement is terminated pursuant to its terms or is not

approved in any material respect by the Court, or such approval is reversed, vacated, or modified in any

material respect by the Court or by any other court, the certification of the Settlement Class shall be

deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified, and no

reference to the Settlement Class, this Settlement Agreement or any documents, communications, or

negotiations related in any way thereto shall be made for any purpose in the Litigation or in any other

action or proceeding.

## V.      RESPONSIBILITIES OF THE SETTLEMENT ADMINISTRATOR

A.      In addition to the duties specified in this Settlement Agreement, the Settlement

Administrator shall be responsible for, without limitation: (a) issuing and distributing the Class Notice,

subject to the approval of Class Counsel and TASC's Counsel; (b) issuing and distributing a short form

notice for publication, subject to the approval of Class Counsel and TASC's Counsel as to content and the

publications in which it will appear; (c) arranging for the publication of a short form notice; (d) responding to requests for a copy of the Class Notice; and (e) distributing all approved payments from the Settlement Fund.

B.      The manner of distribution of notice to Settlement Class Members will be as described in Exhibit 8. Within thirty (30) calendar days of the Preliminary Approval Date, the Settlement Administrator will disseminate Class Notice to the Settlement Class as agreed upon by the Parties.

C.      The Settlement Administrator shall provide an affidavit to Class Counsel, who shall provide a copy of the affidavit to the Court, attesting to the measures undertaken to provide notice of the Settlement.

D.      The Settlement Administrator shall use the Settlement Fund to administer the Settlement.

E.      The Settlement Administrator shall create and maintain the Settlement Website.

F.      The Settlement Administrator shall submit to the Parties a final report of claims and settlement payments within sixty (60) calendar days after the conclusion of all distributions from the Settlement Fund.

## VI.    BENEFITS TO THE PARTIES AND CLASS

A.      **Settlement Fund.**  Within five (5) calendar days of the Preliminary Approval Date, the Settlement Administrator will establish the Settlement Fund pursuant to the Preliminary Approval Order.

B.      Pursuant to the terms and conditions set forth below, TASC, as set forth in Section II.OO above, must deposit the Settlement Fund Payment, which is the sum of two million and six-hundred thousand dollars ($2,600,000.00) into the Settlement Fund.  The Settlement Fund Payment shall be the sole and exclusive payment to the Named Plaintiffs, the Settlement Class Members, and Class Counsel, including for Notice and Administration Costs, in connection with this Settlement Agreement, the Litigation, and the Released Claims or attorneys' fees or costs of any kind.

1.      The Settlement Fund Payment will be used to pay in full all Settlement costs including,

without limitation, Cash Awards, Notice and Administration Costs, Attorneys' Fees Awards, and Service Payments.

2.      Class Counsel shall provide to TASC all information necessary to facilitate the transfer of the Settlement Fund Payment into the Settlement Fund.

C.      **Timing Of Payment Obligations**.  TASC shall have no obligation to deposit the Settlement Fund Payment into the Settlement Fund until the Court enters a Preliminary Approval Order.  Within ten (10) court days of the Court's entry of a Preliminary Approval Order and upon receipt of wiring information for the Settlement Fund, TASC must deposit the full Settlement Fund Payment into the Settlement Fund.

1.      Payments from the Settlement Fund shall be distributed by the Settlement Administrator in the following order of priority: (1) Notice and Administration Costs; (2) Attorneys' Fees Award, as described in Section VIII.A.1.; and (3) Service Payments to Named Plaintiffs as described in Section VIII.B. Monies remaining in the Settlement Fund after the satisfaction of the aforementioned obligations shall be distributed by the Settlement Administrator in the following order: (1) Cash Awards to Settlement Class Members who submit Valid Claims pursuant to Section VI.C.; (2) Additional Attorneys' Fees Award as described in Section VIII.A.2.; and (3) payments to the *cy pres* organizations designated in Section VI.D.1.C.

2.      Any interest that accrues on the Settlement Fund in the Settlement Account shall be added to the Settlement Fund and distributed according to the terms set forth in Sections VI.C.-D.. and VIII.A..

D.      **Cash Awards**.  Settlement Class Members who submit Valid Claims shall be entitled to receive Cash Awards as follows, subject to the order of payment set out in Section VI.C.1:

1.      Each Settlement Class Member will be entitled to receive a Cash Award of one thousand

dollars ($1,000) plus an additional fifteen dollars ($15) per day that the Settlement Class Member remained on Pay-Only Extension. For example, a Settlement Class Member who was extended for two days would receive $1,030; a Settlement Class Member who was extended for 90 days would receive $2,350.

E.    **Distribution Of Cash Awards.**  No later than ten (10) days after the resolution of any disputes regarding rejected claims in accordance with the process identified in Section VII.D.5-6., the Settlement Administrator will provide Class Counsel and TASC's Counsel with a report identifying the total of the Cash Awards and the amount of money in the Settlement Fund available to pay such Cash Awards (Available Cash Award Total).

1.    If the Available Cash Award Total exceeds the Cash Awards:

a.    First, the payment to each Settlement Class Member who submits a Valid Claim under Section VII.C. shall be increased *pro rata* up to a maximum  of four times of the total amount they would otherwise be entitled to under Section VI.C. above (for example, if the Available Cash Award Total exceeds the total of the Cash Awards by a factor of four, then a person who was to receive a Cash Award of two-thousand five-hundred dollars ($2,500) prior to any increase under this subsection would have the amount received as a result of this Settlement Agreement increased by a factor of four times their Cash Award, to ten thousand dollars ($10,000)).

b.    If, after the increase identified in Section VI.D.1.a. above is made, the Available Cash Award Total still exceeds the amount paid to Settlement Class Members, then any Additional Attorneys' Fees Award (as defined in section VIII.A.2.) will be paid to the extent approved by the Court.

c.    If thereafter any additional funds remain in the Settlement Account, they

shall be donated in equal parts to the following *cy pres* organizations no later than 60 days after the resolution of all other payment obligations, including any petition for an Additional Attorneys' Fees Award: Shot in the Dark and Mass Liberation Arizona.

2.      If, however, the total Cash Awards exceed the Available Cash Award Total, the Cash Awards to the Settlement Class Members who have submitted Valid Claims will be reduced on a *pro rata* basis until the Cash Awards equal the Available Cash Award Total.

3.      Except as otherwise provided herein, all payments to eligible Settlement Class Members who submit Valid Claims will be made within 90 days after the Final Approval Order. All checks issued to the Settlement Class Members in accordance with this paragraph shall indicate on their face that they are void after 90 calendar days from the date issued. Payment may also be made electronically.

## VII.    CLAIMS PROCESS

A.      **Notice And Submission Of Claims.**   The Settlement Administrator shall issue the Class Notice to every person who participated in POM during the Claims Period. To facilitate the provision of such notice, within ten (10) days after the Preliminary Approval Date and subject to a protective order entered for this purpose, TASC must provide the Class Member List to the Settlement Administrator. The Parties shall jointly seek a protective order from the Court for this purpose.

B.      The Settlement Administrator shall post copies of the Class Notice in accordance with Exhibit 8.

C.      To file a Valid Claim, each eligible Settlement Class Member must:  (i) complete a Claim Form, providing materially all of the information and documentation required by the Settlement Agreement and the Claim Form; (ii) sign the Claim Form and state under penalty of perjury that the information submitted in the Claim Form is true and correct to the best of their knowledge, information,

and belief; and (iii) return the completed and signed Claim Form to the Settlement Administrator no later than ninety (90) days after the Notice Date, *i.e.*, the Claim Deadline.  Only Settlement Class Members who submit Valid Claims and meet the eligibility criteria of a Pay-Only Extension as set out in Exhibit 4 shall be entitled to a Cash Award.

      D.    **Process for Determination Of Eligibility.**  The Settlement Administrator shall be responsible for reviewing all claims to determine each claimant's eligibility for a Cash Award.

      1.    The Claim Form shall include a Verification of Income and a PHSA Release. If a submitted Claim Form, including the Verification of Income, is properly signed and attested to under penalty of perjury, the Settlement Administrator shall add the claimant's name to the File Request List. No more than five (7) days after the Claim Deadline, the Settlement Administrator must submit the File Request List to TASC. Along with the File Request List, the Settlement Administrator must also produce a signed PHSA Release corresponding with each name on the list. Upon Class Counsel's request, the Settlement Administrator must provide a copy of the File Request List to Class Counsel.

      2.    Subject to Section VII.D.2.a., no more than thirty (30) days after receiving the File Request List and corresponding PHSA Releases from the Settlement Administrator, TASC must provide the Complete Participant File to the Settlement Administrator for each person named on the File Request List.

      a.    If the File Request List contains more than one hundred and fifty (150) persons for which a Complete Participant File would be required, then TASC shall have an additional fifteen (15) days for each additional full or partial set of one hundred and fifty (150) persons on the File Request List, in which to provide the Complete Participant File to the Settlement Administrator. TASC shall provide these files on a rolling basis.

3.      The Settlement Administrator may supplement the File Request List with additional names or information as necessary. TASC must provide the Complete Participant File for each person identified in a supplemental request within thirty (30) days of the request, or consistent with its obligations under Section VII.D.2.a., whichever is sooner. The Settlement Administrator will provide all such supplemental requests within ninety (90) days after it sends the initial File Request List.

4.      After receiving the Complete Participant File for a claimant, the Settlement Administrator shall determine whether the claimant meets the eligibility criteria of a Pay-Only Extension as set out in Exhibit 4. The Settlement Administrator must designate claimants who meet the criteria set out in Exhibit 4 as eligible for payment from the Settlement Fund, provided there is no material distinction between the information on the claimant's Verification of Income Form and any financial documentation or reported personal or financial information included in the claimant's Complete Participant File. A material distinction is one that would exclude the claimant from eligibility under the 2018 Self Sufficiency Standard, including income and/or household composition. If no such material distinction exists, the Settlement Administrator shall then, in accordance with Section VI.C.1 of this Settlement Agreement, determine the amount of payment due to the claimant. Should a question arise about a claimant's Pay-Only Extension status, the veracity of the information on the Verification of Income Form, or the amount of payment due, the Settlement Administrator may consult with Class Counsel for guidance and share any necessary documents with Class Counsel.

5.      Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement, or is postmarked or submitted electronically

-17-

later than the Claim Deadline, may be rejected.  The Settlement Administrator will provide Settlement Class Members with a reasonable opportunity to correct technical non-compliance with the instructions on the Claim Form or the terms of this Settlement Agreement prior to rejecting the Claim Form. Late claims may be allowed, if submitted within a reasonable time prior to the Fairness Hearing, under the sole discretion of the Settlement Administrator in consultation with Class Counsel.

6.     Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to Class Counsel, including the reason for the rejection.  If Class Counsel does not agree with the rejection of a claim, they shall bring that disagreement to the attention of the Settlement Administrator.  The Settlement Administrator shall make the final decision in its sole discretion.

## VIII.   ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS

A.     **Attorneys' Fee Awards.**  TASC agrees not to dispute that Class Counsel is entitled to reasonable fees and expenses subject to approval of the Court and to be paid from the Settlement Fund. Class Counsel may apply to the Court for awards of attorneys' fees and expenses (including their court costs) to be paid exclusively from the Settlement Fund. The process for petitioning the Court for awards of attorneys' fees and expenses shall be as follows:

1.     Initial Attorneys' Fee Award.  If seeking an initial Attorneys' Fee Award, Class Counsel shall file a motion with the Court requesting such an award.  Such request may be included in the motions for preliminary and final approval of the Settlement.  Class Counsel shall not petition for an initial Attorneys' Fee Award of more than two hundred and fifty thousand dollars ($250,000) in fees and costs combined, and TASC shall not oppose a request to the Court seeking that amount or less.

2.     Additional Attorneys' Fees Award.  If funds remain in the Settlement Fund after the full

administration of the claims process, including eligible Settlement Class Members' Cash Awards, Class Counsel may petition the Court for an attorneys' fee award in addition to the initial Attorneys' Fee Award (Additional Attorneys' Fee Award). TASC will not oppose any petition for an Additional Attorneys' Fees Award that, combined with the initial Attorneys' Fees Award, would result in an overall fee award of six hundred fifty thousand dollars ($650,000) or less (i.e., twenty-five percent (25%) or less of the Settlement Fund Payment). Class Counsel reserves the right to seek Additional Attorneys' Fees in excess of that amount.  If Class Counsel seeks an Additional Attorneys' Fees Award in excess of six hundred fifty thousand dollars ($650,000), TASC reserves the right to oppose such petition. Once any petitions for such Additional Attorneys' Fee Awards have been finally adjudicated, all funds remaining in the Settlement Fund will be awarded to the *cy pres* Shot in the Dark and Mass Liberation Arizona, in equal measure. Petitions for any Additional Attorneys' Fee Award in this second stage shall be filed no later than forty-five (45) days following notification to the Court that the claims administration process regarding the Cash Awards has been completed.

B.     **Service Payments.**  The Named Plaintiffs, through Class Counsel, will apply collectively to the Court for Service Payments of forty-thousand dollars ($40,000) per Named Plaintiff to be paid from the Settlement Fund, subject to Court approval. Such request may be included in the motions for preliminary and final approval of the Settlement.  TASC agrees not to dispute that such Service Payments are reasonable and appropriate under the circumstances.

C.     **Payment Of Attorneys' Fee Awards And Service Payments.**  The Attorneys' Fee Award and any Service Payments awarded by the Court will be paid by the Settlement Administrator from the Settlement Fund within thirty days (30) after the Effective Date.

D.     **Attorneys' Fee Awards And Service Payments.**  Any order or proceedings relating to the applications for any Attorneys' Fee Awards, Additional Attorneys' Fee Award, and/or Service Payments, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Final Order and Judgment approving the Settlement Agreement and the Settlement.

## IX.    SETTLEMENT OBJECTIONS AND OPT-OUT RIGHTS

A.     Any Settlement Class Member who wishes to be heard at the Fairness Hearing, or who wishes for any Objection to be considered, must file with the Court a written notice of intent to appear at the fairness hearing or notice of objection by the Objection Deadline. Such notice shall contain (1) the name, address, and telephone number of the person objecting or seeking to be heard at the Fairness Hearing; (2) a statement regarding whether the individual intends to appear at the Fairness Hearing, either in person or through counsel, and, if through counsel, a statement identifying that counsel; (3) a statement of the specific legal and factual basis for each objection, if there are any, or what the individual wishes to be heard about; and (4) a description of all evidence the individual may offer at the Fairness Hearing.

B.     The procedures and requirements for filing Objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement in accordance with such Settlement Class Member's due process rights. Any Objection that is not filed with the Court by the Objection Deadline shall be deemed waived. The Parties may also report to the Court regarding their joint or respective recommendation for resolution of each of the Objections.

C.     Only Settlement Class Members who submit Objections that meet the requirements of Section IX.A. by the Objection Deadline may appeal any Final Judgment.

D.     Any potential Settlement Class Member who wishes to become an Opt-Out (i.e. who

wishes to be excluded from the Settlement Class) must make a request for exclusion by mailing or delivering such request in writing to the Settlement Administrator. Any request for exclusion must be postmarked or delivered no later than the Opt-Out Deadline. Any request for exclusion shall state (i) the name, address and telephone number of the person requesting exclusion; (ii) a clear statement communicating that such person elects to be excluded from the Settlement such as "I wish to be excluded from the class"; and (iii) the signature of the person electing to be excluded from any judgment entered pursuant to the Settlement.

E.      Any potential Settlement Class Member who submits a timely request for exclusion that complies with the requirements of Section IX.D. may not file an Objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

F.      , The Settlement Administrator shall provide a list of the Opt-Outs (i.e.those persons who timely submitted an Opt-Out request for exclusion) (Opt-Out List) on a weekly basis, and a final list not later than three (3) business days after the Opt-Out Deadline, to Class Counsel and to TASC's Counsel together with copies of each of the requests for exclusion. Class Counsel and TASC's Counsel shall jointly report the names appearing on the Opt-Out List to the Court at the time of the Fairness Hearing.

## X.      SETTLEMENT APPROVAL PROCESS

After execution of this Settlement Agreement, the Parties shall promptly move the Court to enter the Preliminary Approval Order that is materially similar to Exhibit 1, which:

A.      Preliminarily approves this Settlement Agreement;

B.      Finds that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class;

C.      Sets a deadline to file a Motion for Final Approval within two hundred and forty(240) days of the Order granting Preliminary Approval;

D.      Schedules a Fairness Hearing on final approval of this Settlement and Settlement Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved by the Court;

E.      Appoints the Settlement Administrator and defines their responsibilities in accordance with Section V of this Settlement Agreement;

F.      Approves the Class Notice, the content of which is without material alteration from Exhibits 2 and 3 to this Settlement Agreement, and directs the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program;

G.      Finds that the Settlement Class Notice Program: (1) is the best practicable notice; (2) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to file a claim or object to or to exclude themselves from the proposed settlement; (3) is reasonable and constitutes due, adequate and sufficient notice to all individuals entitled to receive notice; and (4) meets all requirements of applicable law;

H.      Requires the Settlement Administrator to provide proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing;

I.      Approves the Name and/or Address Update Form, the content of which is without material alteration from Exhibit 7 to this Settlement Agreement, and sets an initial Name and/or Address Update Deadline;

J.      Approves the creation of the Settlement Website in accordance with the terms of this Settlement Agreement;

K.      Requires any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked or submitted electronically no later than the Opt-Out Date, or as the Court may otherwise direct, to the Settlement

Administrator at the address on the Class Notice;

L.      Orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release Provisions in Section XI.B.1.;

M.      Requires any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on counsel for the Parties no later than the Objection Deadline, or as the Court may otherwise direct, a notice of the Objection signed by the Settlement Class Member containing all of the following information, provided however that nothing in this Paragraph shall restrict the Court's discretion to allow a Settlement Class Member who does not object to appear at the Fairness Hearing:

1.      the name, address and telephone number of the person objecting;

2.      a statement regarding whether the individual intends to appear at the Fairness Hearing, either in person or through counsel, and, if through counsel, a statement identifying that counsel;

3.      a statement of the specific legal and factual basis for each objection, if there are any, or what the individual wishes to be heard about; and

4.      a description of all evidence the individual may offer at the Fairness Hearing.

N.      Specifies that any response to an Objection shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing;

O.      Specifies that any Settlement Class Member who does not file a written Objection to the Settlement by the Objection Deadline or who fails to otherwise comply with the requirements of Section

IX.A. of this Settlement Agreement shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise;

P.      Requires any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the applications for Attorneys' Fee Awards or Service Payments, and who intends to make an appearance at the Fairness Hearing to provide to the Settlement Administrator (who shall forward it to counsel for the Parties) and to file with the Clerk of the Court a notice of intention to appear no later than the Objection Deadline or as the Court may otherwise direct;

Q.      Requires that any Settlement Class Member who files and serves a written Objection and who intends to make an appearance at the Fairness Hearing shall so state in their Objection papers or as the Court otherwise may direct;

R.      Directs the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator shall have access to this post office box, except as otherwise provided in this Settlement Agreement;

S.      Orders the Settlement Administrator to provide the Opt-Out List to counsel for the Parties on a weekly basis, and a final list no later than three (3) days after the Opt-Out and Objection Deadline, which shall be filed with an affidavit attesting to the completeness and accuracy thereof no later than five (5) days thereafter or on such other date as the Court may direct; and

T.      Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

## XI.    FINAL ORDER AND JUDGMENT AND RELEASES

A.      **<u>Final Order and Judgment.</u>**  If the Settlement Agreement (including any modification made with the consent of the Parties as provided for herein) is approved by the Court following the

Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

1. Finds that the Court has personal jurisdiction over the Named Plaintiffs, all Settlement Class Members, and TASC, and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

2. Certifies a Settlement Class solely for purposes of this Settlement;

3. Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

4. Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release Provisions maintained by or on behalf of the Named Plaintiffs and all Settlement Class Members, as well as their respective present, former, and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest, and successors;

5. Finds that the Settlement Class Notice Program: (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing, and of their right to seek monetary and other relief; (3) constituted reasonable, due,

adequate, and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law;

6.   Approves the Name and/or Address Update Form that was distributed to the Settlement Class, the content of which was without material alteration from Exhibit 7 to this Settlement Agreement;

7.   Approves the Class Notice that was distributed to the Settlement Class, the content of which is without material alteration from Exhibits 2 and 3 to this Settlement Agreement;

8.   Finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

9.   Dismisses the Litigation against TASC on the merits and with prejudice and with the Parties to bear their own fees or costs, except as specifically provided in this Settlement Agreement, in accordance with the terms of the Final Order and Judgment;

10.   Adjudges that the Named Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed, and released any and all Released Claims against the Released TASC Persons;

11.   Approves payment of any Attorneys' Fee Awards and Named Plaintiffs' Service Payments;

12.   Without affecting the finality of the Final Order and Judgment, reserves jurisdiction over the Settlement Administrator, TASC, the Named Plaintiffs, and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement, the Settlement Agreement, and Final Order and Judgment;

13.   Provides that upon the Effective Date, the Named Plaintiffs and all Settlement Class

Members shall have released and shall be barred from asserting any and all Released Claims against the Released TASC Persons;

14. Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment; and

15. Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as: (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

B. **Release Provisions**. The Parties agree to the following release provisions.

1. The Named Plaintiffs, upon receipt of their Service Payment and Cash Award checks or completing the payment process through other means, and the Settlement Class Members, by not opting out, hereby agree to the following:  For and in consideration of the Cash Award, any Service Payment, and other consideration described herein, and except as to the rights and obligations provided for under this Agreement, as of the Effective Date, Named Plaintiffs and Settlement Class Members shall and do hereby release and discharge Released TASC Persons from all the Released Claims. The relief to be given to the Named Plaintiffs and Settlement Class Members does not constitute an admission by TASC of the validity of any claim raised by Named Plaintiffs or Settlement Class Members or on their behalf, nor does it constitute liability for any wrongdoing or violation of any applicable federal law or regulation.

2. TASC hereby agrees to the following: For and in consideration of voluntary dismissal of

the claims brought in the Litigation, and except as to the rights and obligations provided for under this Agreement, as of the Effective Date, TASC shall and does hereby release and discharge Named Plaintiffs and Settlement Class Members from the Released Claims.

3.      Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XII.    WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.      Within fifteen (15) days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

1.      If the Court fails to approve the Settlement Agreement as written in any material respect or if on appeal the Court's approval is reversed or modified;

2.      If the Court materially alters any of the terms of the Settlement Agreement; or

3.      If the Preliminary Approval Order, as described in Section X, or the Final Order and Judgment, as described in Section XI, is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason.

B.      In the event of withdrawal by any Party in accordance with the terms set forth in this Section XII.A., the Settlement Agreement (except for the covenants and provisions describing the effect of withdrawal in this paragraph) shall be null and void, shall have no further force and effect with respect to the Parties, and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification, or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared, and statements made in connection with it shall be without prejudice to the Parties and shall not be deemed or construed to be an admission or confession in any way

by any Party of any fact, matter, or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Litigation shall stand in the same position as if this Settlement Agreement had not been negotiated, made, or filed with the Court.

## XIII.   EFFECTIVE DATE

A.     The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

1.     This Settlement Agreement has been fully executed by all Parties and their counsel;

2.     Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement, and approving the forms of Class Notice and Claim Form, all as provided above;

3.     The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

4.     The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

5.     The Final Order and Judgment has become Final as defined in Section XIII.B..

B.     "Final," when referring to a judgment or order, means that fifteen (15) days have passed since the final judgment was entered and no stay has been issued.

C.     If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Section XIII.B., the orders, judgment, and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties will be returned to the *status quo ante* with respect to the Litigation as if this Settlement Agreement had never been entered into.

## XIV.    MISCELLANEOUS PROVISIONS

A.      The Parties to this Settlement Agreement reserve the right, by mutual agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

B.      The headings and captions contained in this Settlement Agreement are for reference purposes only and in no way define, extend, limit, describe, or affect the scope, intent, meaning, or interpretation of this Settlement Agreement.

C.      The Parties and their undersigned counsel agree to undertake their best efforts and mutually cooperate to execute all documents and perform all acts necessary and proper to promptly effectuate the terms of this Settlement Agreement.

D.      This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Arizona, without giving effect to any choice or conflict of law provisions that would cause the application of the laws of any other jurisdiction.

E.      The Parties expressly warrant that they have not entered into this Settlement Agreement in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

F.      This Settlement Agreement constitutes the entire agreement between and among the Parties with respect to the settlement of the Litigation, and supersedes all prior and contemporaneous written and/or oral agreements between the Parties. All negotiations, discussions, prior understandings, and agreements between the Parties with regard to the subject matter of this Settlement Agreement are merged into this Settlement Agreement, which fully, completely, and accurately states and expresses the Parties' entire understanding and agreement.

G.      This Settlement Agreement shall not be construed more strictly against one Party than

another merely because of the fact that it may have been prepared initially by counsel for one of the Parties. Because of the arm's-length negotiations resulting in the Settlement Agreement, all Parties have contributed substantially and materially to the preparation of the Settlement Agreement.

H.      Except as expressly provided in the Settlement Agreement, the Parties are responsible for payment of their own attorneys' fees and costs related to this Action.

I.      In the event any date or deadline set forth in this Settlement Agreement falls on a weekend or legal holiday, such date or deadline shall be on the first following business day.

J.      This Settlement Agreement may be executed in any number of counterparts, all of which together shall be deemed one document. Facsimile and PDF signature copies are acceptable. The Parties hereby agree that each Party may sign and deliver this Settlement Agreement electronically or by electronic means and that an electronic transmittal of a signature, including but not limited to, a scanned signature page, will be as good, binding, and effective as an original signature.

K.      This Settlement Agreement is entered into only for purposes of Settlement. In the event that the Final Effective Date does not occur for any reason or the Court denies the Parties' Motion for Preliminary Approval Order or Motion for Final Judgment, then this Settlement Agreement is cancelled. In the event this Settlement Agreement is cancelled or deemed cancelled, no term or condition of this Settlement Agreement, or any draft, discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions, shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purpose whatsoever in the Action or in any other litigation, and all Parties shall be restored to their prior positions as if the mediation had never occurred and the Settlement Agreement had not been entered, including, but not limited to, the return of the entire Settlement Fund Payment to TASC plus any interest that accrued thereon while on deposit at the federally insured financial institution.

L.      If any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provisions had not been included.

M.      The terms of the Settlement Agreement are and shall be binding upon each of the Parties, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest, and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

N.      The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, the Parties understand, agree, and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

O.      This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel.  Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

P.      The exhibits to this Settlement Agreement are an integral and material part of the Settlement and are hereby incorporated and made a part of the Settlement Agreement.

Q.      The United States District Court for the District of Arizona has jurisdiction over the Parties

to this Settlement Agreement and the Settlement Class.

R.      All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

S.      The deadlines in this case were stayed pending the Parties' mediation that resulted in this Settlement Agreement. The Parties jointly stipulate to stay the Litigation in its entirety until the approval of this Settlement Agreement has been finally determined, with the exception of the following: any motions, affidavits, and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement or related to the implementation of this Settlement Agreement.

Through their duly authorized representatives, the Parties have executed this Settlement
Agreement on ~~March~~ April 5, 2023:

*Named Plaintiffs:*

Deshawn Briggs

By: /s/ _DeShawn Briggs_____

Antonio Pascale (on behalf of the Estate of Mark Pascale)

By: /s/ _____

Lucia Soria

By: /s/ _____

*Class Counsel:*

**CIVIL RIGHTS CORPS**

By: /s/ _Sumayya Saleh_____ April 2, 2023
Sumayya Saleh
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Ste. 800
Washington, DC 20005

**Covington & Burling LLP**

By: /s/ _Stanley Young_____ April 3, 2023
Stanley Young
COVINGTON & BURLING LLP
5 Palo Alto Square
Palo Alto, California 94306

**Osborn Maledon, P.A.**

By: /s/ _____ APRIL 3, 2023

Timothy J. Eckstein, 018321
OSBORN MALEDON, P.A.
2929 N. Central Ave., Suite 2100
Phoenix, Arizona 85012-2793

*Defendant:*

Treatment Assessment and Screening Center, Inc.

By: /s/ *Jan R. Heap*