# EXHIBIT 3
(Exhibit 1 to the Settlement Agreement)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deshawn Briggs, *et. al.*, <br><br> Plaintiffs, <br> v. <br><br> Treatment Assessment and Screening Center, Inc. <br><br> Defendant. | No.  CV-18-2684-PHX-EJM |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

Having fully considered the Named Plaintiffs' Consent Motion for Preliminary Approval of Class Action Settlement, the Parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1. The Court preliminarily approves the Settlement Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval to the settlement reached by Named Plaintiffs Deshawn Briggs, Lucia Soria, and Antonio Pascale (on behalf of the Estate of Mark Pascale) and Defendant Treatment Assessment and Screening Center, Inc. ("TASC") (the "Settlement"). The Court finds that the Settlement Agreement, the Settlement set forth therein, and all exhibits attached to the Settlement Agreement or to the Unopposed Motion for Preliminary Approval of Class Action Settlement are fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of possible judicial approval to warrant sending notice of the Litigation and the proposed Settlement to the Settlement Class and to hold a full Fairness Hearing on the proposed Settlement.

2. For settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, the Court preliminarily certifies the following class:

> All individuals who, at any time between August 23, 2016, and August 15, 2020, (1) were enrolled in the marijuana diversion program (POM) operated by Defendants TASC and the Maricopa County Attorney's Office (MCAO); and (2) at some point in time during their enrollment, satisfied all program requirements for successful completion other than payment of program fees; and (3) after that point in time, were required to remain on the program solely because they had not paid the required fees, without any determination that their nonpayment was willful.

3. For settlement purposes only, the Court preliminarily appoints Deshawn Briggs, Lucia Soria, and Antonio Pascale (as the duly appointed representative of the Estate of Mark Pascale) as representatives of the Settlement Class.

4. For settlement purposes only, the Court preliminarily appoints the following attorneys to act as Class Counsel for the Settlement Class:

Ryan Downer
Sumayya Saleh
Bina Ahmad
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009

Stanley Young
COVINGTON & BURLING LLP
3000 El Camino Real, 5 Palo Alto Square, 10th Floor
Palo Alto, California 94306

Timothy Eckstein, 018321
OSBORN MALEDON, P.A.
2929 N. Central Ave., Suite 2100
Phoenix, Arizona  85012-2793

5. The Court appoints the Settlement Administrator designated by the Parties, Atticus Administration, LLC, in accordance with the Settlement Agreement. The Settlement Administrator shall be an agent of the Court and subject to the Court's supervision and direction as circumstances may require.

4890-9215-5481

6. The form and content of the Class Notice are fair, reasonable, and adequate. Notice shall be disseminated to the Settlement Class in accordance with the Settlement Class Notice Program and the Settlement Agreement and as due process and Rule 23 of the Federal Rules of Civil Procedure require. The Settlement Administrator is ordered to disseminate Class Notice in accordance with the Settlement Class Notice Program.

7. The Court finds that the Settlement Class Notice Program is the best practicable notice, and it is reasonably calculated, under the circumstances, to apprise the Settlement Class: (a) of the pendency of the Litigation and the essential terms of the Settlement; (b) of the procedures for allocating the Settlement Fund; (c) of any requested amounts for Attorneys' Fee Awards and/or Service Payments; (d) of the right of members of the Settlement Class to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; (f) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for Attorneys' Fee Awards and/or Service Payments and, if he or she desires, enter an appearance personally or through counsel; (g) of the time and place of the Final Fairness Hearing; and (h) of the name and address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries. The Court finds that the Settlement Class Notice Program is reasonable and constitutes due, adequate, and sufficient notice to all members of the Settlement Class and meets all requirements of applicable law. The Court further finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

8. The Settlement Administrator shall file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

9. The Court approves the creation of the Settlement Website in accordance with the Settlement Agreement.

10. The Court approves the Name and/or Address Update Form provided by the parties. Any member of the Settlement Class who wishes to change their name,

3

address, or form of payment (from check to electronic payment form) must submit the form no later than 90 days after the Notice Date.[1] The form can be submitted electronically on the Settlement Website, or a PDF version can be downloaded from the Settlement Website and mailed to the address contained in the approved notice.

11. The "Opt-Out and Objection Deadline," that is, the final date by which any member of the Settlement Class must file any request for exclusion or objection to this Settlement, shall be 90 days after the Notice Date.

12. Any member of the Settlement Class who wishes to opt out or be excluded from the Settlement Class must submit an appropriate, timely request for exclusion. This request for exclusion must be sent to the Settlement Administrator at the address on the Notice and must be postmarked no later than 90 days after the Notice Date. The opt-out request must be personally signed by the member of the Settlement Class requesting exclusion and contain a statement that indicates his or her desire to be excluded from the Settlement Class. A member of the Settlement Class may opt out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class member, shall not be allowed. A person who files a timely and valid request to opt out of the Settlement Class shall not: (i) be bound by any orders or judgments entered in this Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

13. Any member of the Settlement Class who does not submit a timely and valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, even if he or she has

---

[1] The "Notice Date" means the first day on which the Settlement Administrator and/or other parties begin disseminating the Class Notice, and shall be no later than thirty (30) days after the Preliminary Approval Date.

previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

14. Any Settlement Class Member who does not properly and timely submit an opt-out request to the Settlement Administrator and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement or who wishes to object to any Attorneys' Fee Awards or Plaintiffs' Service Payments must file with the Court and serve on Class Counsel and TASC's Counsel, postmarked no later than 90 days after the Notice Date, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

    a. the name, address, and telephone number of the person objecting or seeking to be heard at the Fairness Hearing;

    b. a statement regarding whether the individual intends to appear at the Fairness Hearing, either in person or through counsel, and, if through counsel, a statement identifying that counsel;

    c. a statement of the specific legal and factual basis for each objection, if there are any, or what the individual wishes to be heard about; and

    d. a description of all evidence the individual may offer at the Fairness Hearing.

15. The Parties may also report to the Court regarding their joint or respective recommendation for resolution of each of the Objections.

16. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement, the Attorneys' Fee Awards, and/or the Service Payments, and who intends to make an appearance at the Fairness Hearing, shall provide to the Settlement Administrator (who shall forward it to Class Counsel and TASC's Counsel) and file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Deadline, or as the Court may otherwise direct.

17. Any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing shall so state in their objection papers or as the Court may otherwise direct.

18. No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of the Court and timely mailed to Class Counsel and TASC's Counsel as provided above, the written statement of objections as described above, together with copies of any supporting materials, papers or briefs.

19. Any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with the requirements of Section IX of the Settlement Agreement shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

20. The Settlement Administrator shall establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications relating to this Settlement. Only the Settlement Administrator shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

21. The Settlement Administrator shall provide the Opt-Out List to Class Counsel and Defendant TASC's Counsel on a weekly basis. The Settlement Administrator shall also provide a final list to Class Counsel and Defendant TASC's Counsel no later than three days after the Opt-Out and Objection Deadline, and then shall file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five days thereafter or on such other date as the Court may direct.

22. The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from: (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding

in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by counsel for the Parties as a result of the violation. This Order is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a local, state, or federal agency.

23. A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, and (b) whether the proposed Settlement is fair, reasonable, and adequate (the "Fairness Hearing") shall be conducted in the United States Courthouse, United States District Court for the District of Arizona, located at 405 West Congress Street, Suite 3160, Tucson, AZ, commencing on _____ **(DATE) at _____ .m. (TIME),** which is not less than thirty (30) days after the deadline to file the Motion for Final Approval.

24. The Court may reschedule the Fairness Hearing without further written notice. If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket.

4890-9215-5481

25. Plaintiffs' Motion for Final Approval shall be filed on _____ (**DATE**), which is within 240 days of this Order. Responses to objections, shall be filed with the Court no later than _____ (**DATE**), which is seven (7) days before the Fairness Hearing.

26. All discovery and other pretrial proceedings in this Litigation are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Settlement Agreement and this Order.

27. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement, or (b) the proposed Settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In any such event, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.