# EXHIBIT 5

(Exhibit 3 to the Settlement Agreement)

**YOU ARE GETTING THIS LETTER BECAUSE YOU WERE IN TASC'S MARIJUANA DIVERSION PROGRAM IN MARICOPA COUNTY BETWEEN AUGUST 23, 2016 AND AUGUST 15, 2020. YOU MAY BE ELIGIBLE FOR AT LEAST $1,000!**

**What is happening with TASC's marijuana diversion program?**
There was a lawsuit over Maricopa County's possession of marijuana deferred prosecution program (POM Program), which was operated by TASC. The people who sued said that they were kept on the program longer solely because they couldn't pay the program fees. A Settlement (a legal agreement) has been proposed to help you, and other people who were on the POM program, get the legal benefits you deserve. The Settlement benefits apply only to people 1) on the POM Program (not any other diversion program), and 2) who were extended on the POM Program because they could not afford to pay the program fees.

**How would I benefit?**
Every person who was extended on the POM Program because they could not afford to pay fees will likely receive at least $1,000, plus $15 for every day they were extended on the POM Program. For example,

| I was extended on the POM Program because I could not afford to pay the fees for… | I will receive… |
|---|---|
| …30 days | $1,450 (30 x $15) |
| …60 days | $1,900 (60 x $15) |
| …120 days | $2,800 (120 x $15) |

However, depending on the number of people who file a claim, it is possible that the amount of money will be more or less than the amounts shown.

**What do I need to do to get the money?**
Fill out the attached forms. If your POM Program file from TASC and the information you provide show that you were extended on the POM Program solely because you could not afford to pay the program fees, you will get the money as a check if the Court approves the settlement. **If you would like to receive your money electronically, go to www._____.com.**

**What are all of my options?**

| |
|---|
| **Remain in the Settlement** |
| Fill out **both of** the attached forms (by _____, 2023): <ul><li>We will review the information to see if you're entitled to money under the terms of the Settlement</li><li>If eligible, receive a check and cash it within 90 days</li><li>Give up your right to sue over the same claims</li><li>You can receive your money electronically by changing your payment option here: www._____.com</li></ul> |
| Object (by _____, 2023) <ul><li>Write to the Court about why you don't like the Settlement terms</li><li>Give up your right to sue over the same claims</li><li>Information about how to object is here: www._____.com</li></ul> |
| Ask to speak to the Court (by _____, 2023) <ul><li>Speak to the Court at the Fairness Hearing</li><li>Information about how to do so is here: www._____.com</li></ul> |
| **Get out of the Settlement** |
| Exclude yourself from the Settlement by _____, 2022 <ul><li>Give up your right to receive money from this Settlement</li><li>Keep your right to sue over the same claims</li><li>Information about how to exclude yourself from the Settlement is here: www._____.com</li></ul> |

*What happens next?*
We will review the information you submitted and your POM Program file to determine if you qualify for a payment. The Court has to decide whether to approve the proposed Settlement.

*What if my name or address is wrong?* Go to this website and complete the form: www._____.com

*I have QUESTIONS or need HELP!*
Call: XXX-XXX-XXXX
OR visit:
www._____.com

| 1. | **What is this Notice and why should I read it?** |
|---|---|

This Notice is to inform you of the proposed Settlement of a class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of it. This Notice describes the lawsuit, the proposed Settlement, your legal rights, what benefits are available, and who can get them.

Magistrate Judge Eric J. Markovich is overseeing the proposed Settlement in the United States District Court for the District of Arizona. The proposed Settlement will resolve the remaining claims against Defendant TASC made in *Briggs, et al., v. Treatment Assessment Screening Center, Inc.*, No. CV-18-2684-PHX-EJM (D. Ariz.). The individuals that sued are called the Named Plaintiffs. The company that the Named Plaintiffs sued (TASC) is called the Defendant.

| 2. | **What is a class action?** |
|---|---|

In a class action, one or more people or groups, called Named Plaintiffs or Class Representatives, sue on behalf of all people who have similar claims. The people included in the Settlement of these class actions are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement.

| 3. | **What is the lawsuit about?** |
|---|---|

The lawsuit alleges that the Maricopa County Attorney's Office contracted with TASC to provide diversion services to individuals accused of possession of marijuana in Maricopa County, Arizona. The lawsuit alleges that TASC violated the Fourth and Fourteenth Amendment to the U.S. Constitution by extending people's time on the marijuana deferred prosecution program (MDPP) solely because they could not afford to pay the program fees, after they successfully completed all the other program requirements (pay-only extensions), and by subjecting them to invasive urinalysis tests during this period. Named Plaintiffs seek to represent a class of individuals who, at any time between August 23, 2016, and August 15, 2020, participated in the POM Program and were extended on the POM Program pay-only.

Defendant TASC denies every allegation of wrongdoing, liability and damages that was or could have been made in the lawsuit. Named Plaintiffs maintain their allegations against Defendant TASC.

| 4. | **Why is there a Settlement?** |
|---|---|

The Court has not yet decided in favor of either Named Plaintiffs or Defendant TASC. Instead, Named Plaintiffs and TASC have agreed to settle the lawsuit. TASC is settling to avoid the substantial cost, inconvenience and disruption of litigation. Named Plaintiffs and Settlement Class Counsel believe that the Settlement is in the best interests of the Settlement Class because it provides an appropriate recovery for Settlement Class Members now while avoiding the substantial risk, expense and delay of taking the case through trial and any additional appeals.

| 5. | **How do I know if I am included in the Settlement Class?** |
|---|---|

The Settlement Class includes all individuals who were extended on the POM Program pay-only during the applicable period. Specifically, it includes:

> All individuals who, at any time between August 23, 2016, and August 15, 2020, (1) were enrolled in the marijuana diversion program operated by Defendants TASC and the Maricopa County Attorney's Office (MCAO); (2) at some point in time during their enrollment, satisfied all program requirements for successful completion other than payment of program fees; and (3) after that point in time, were required to remain on the program solely because they had not paid the required fees, without any determination that their nonpayment was willful.

If you believe you meet this definition, you should fill out the Claim Form and PHSA Release and we will determine if you have a Valid Claim and are eligible for a Cash Award.

## THE SETTLEMENT BENEFITS

| 6. | What does the Settlement provide? |
|---|---|

Eligible Settlement Class Members who submit a Valid Claim (Eligible Settlement Class Members) and who do not opt out of the Settlement will receive a portion of the $2,600,000 Settlement Fund. The proposed Settlement provides an initial payment of no more than $250,000 to pay the lawyers who represented the Class (attorneys' fees); $120,000 to pay the Named Plaintiffs for their work representing the class; and payment of approximately $80,000 to the Settlement Administrator. The remaining amount in the Settlement Fund (Available Cash Award) will be paid to the Eligible Settlement Class Members. Each Eligible Settlement Class Member will be entitled to receive a Cash Award of one thousand dollars ($1,000) plus an additional fifteen dollars ($15) per day that the Settlement Class Member remained on Pay-Only Extension. If the Available Cash Award exceeds the total Cash Awards, each Eligible Settlement Class Member's Cash Award will be increased pro rata up to a maximum of four times of the total amount he or she would otherwise be entitled to. But if the total Cash Awards exceed the Available Cash Award, each Eligible Settlement Class Member's Cash Award will be reduced on a pro rata basis until the Cash Awards equal the Available Cash Award Total.

| 7. | How do I get a payment? |
|---|---|

If you submit a Valid Claim and do not opt out, you will receive a payment from the Settlement Administrator after the Settlement receives final approval from the Court and becomes effective. You will receive this payment in the form of a check to the address we have on file. If you would like to receive payment through a different form, including PayPal or Venmo, you can change your form of payment at this website: www._____.com.

The Court still has to decide whether to grant final approval of the Settlement. Payments will be made to Eligible Settlement Class Members if the Court grants final approval of the Settlement and after any appeals are resolved.

| 8. | What am I giving up in exchange for the Settlement? |
|---|---|

If you have a Valid Claim, unless you exclude yourself, you will remain in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You won't be able to sue, continue to sue, or be part of any other lawsuit against Defendant TASC for the legal issues and claims raised in this lawsuit. The specific rights you are giving up are called Released Claims (*see* Question 9).

| 9. | What are the Released Claims? |
|---|---|

"Released Claims" generally refers to any and all claims, whether known or unknown, that could have been asserted by you in a lawsuit against any of the Released Persons (Defendant TASC and its affiliates) arising from or relating to the Defendant TASC's actions or omissions in connection with the issues raised by the lawsuit.

The Released Claims are fully described in Section II.FF of the Settlement Agreement and Release, which is available by calling **XXX-XXX-XXXX** or visiting **www._____.com**.

3

**Questions?**
**Call the Claims Administrator at XXX-XXX-XXXX or visit www._____.com.**

# EXCLUDE YOURSELF, OBJECT, OR DO NOTHING

| 10. | What does it mean to Exclude Yourself from the Settlement? |

If you want to keep the right to sue or continue to sue Defendant TASC about the facts or claims alleged in the lawsuit, and you don't want a payment from this Settlement, you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or opting out of the Settlement.

| 11. | How do I get out of the Settlement? |

If you wish to be excluded from the Settlement Class, you must submit a request for exclusion to the Settlement Administrator by mail at _____ or electronically at www._____.com no later than **DATE**. Your request for exclusion must be signed by you and contain a statement that you want to be excluded from the Settlement Class. If you have any questions concerning these procedures, please contact the Settlement Administrator at **XXX-XXX-XXXX**.

You may opt out for yourself only and may not opt out on behalf of others.

| 12. | If I exclude myself, will I still get a payment from this Settlement? |

No. If you exclude yourself, you are telling the Court that you don't want to be part of the Settlement Class in this Settlement. You can only get a payment as part of this Settlement if you stay in the Settlement Class (and have a Valid Claim).

| 13. | If I don't exclude myself, can I sue Defendant TASC for the same things later? |

No. Unless you exclude yourself, you are giving up the right to sue Defendant TASC for the claims that this Settlement resolves. You must exclude yourself from *this* Settlement Class to start or continue with your own lawsuit or be part of any other lawsuit.

| 14. | How do I object or tell the Court if I don't like the Settlement? |

If you are a Settlement Class Member and you do not ask to be excluded, you may still object to the terms of the Settlement, the Attorneys' Fee Awards, or the Named Plaintiffs' Service Payments. The Court will consider your views before making a decision. To object, you must provide: (1) a statement regarding whether you intend to appear at the Fairness Hearing, either in person or through counsel, and, if through counsel, a statement identifying that counsel; (2) a statement of the specific legal and factual basis for each objection; and (3) a description of all evidence you may offer at the Fairness Hearing.

Your objection must be submitted to at least one of the addresses listed below and be postmarked by **DATE**. Any of the below parties who receive your objection will share it with the remaining parties.

| Clerk of the Court | Settlement Class Counsel |
|---|---|
| United States District Court District of Arizona - Tucson Division<br>Evo A. DeConcini U.S. Courthouse<br>405 West Congress Street,<br>Suite 1500<br>Tucson, AZ 85701 | Sumayya Saleh<br>Ryan Downer<br>Civil Rights Corps<br>1601 Connecticut Ave. NW, Ste. 800<br>Washington, DC 20005<br><br>Stanley Young<br>COVINGTON & BURLING LLP<br>5 Palo Alto Square<br>Palo Alto, California 94306 |

**Questions?**

**Call the Claims Administrator at XXX-XXX-XXXX or visit www._____.com.**

|  | Timothy J. Eckstein, 018321<br>OSBORN MALEDON, P.A.<br>2929 N. Central Ave., Suite 2100<br>Phoenix, Arizona  85012-2793 |
|---|---|
| **TASC's Counsel** |  |
| Robert A. Henry<br>Jennifer Hadley Catero<br>Amanda Z. Weaver<br>SNELL & WILMER LLP<br>One East Washington, Suite 2700<br>Phoenix, Arizona 85004 |  |

| **15.** | **What is the difference between objecting and excluding myself from the settlement?** |

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class (do not exclude yourself). If you object, you can still receive a payment from the Settlement. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you cannot object or receive a payment because the Settlement no longer affects you.

| **16.** | **What happens if I do nothing, or if I submit a Valid Claim?** |

If you are an Eligible Settlement Class Member and do nothing and the Court approves the Settlement, you will be bound by its terms, and you will give up your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant TASC about the legal issues or claims resolved by this Settlement.

If you are an Eligible Settlement Class Member and submit a Valid Claim, you will receive a payment from the Settlement Administrator in the mail or electronically, depending on your preference. You must cash this check within **90 days** of the date the check is issued, or otherwise accept electronic payment by **DATE**, or the payment will revert back to the Settlement Fund and be redistributed. If you would prefer to receive your payment in a different form, such as PayPal or Venmo, you may elect to change the form of payment by going to this website: www._____.com.

| **17.** | **What if there is money left over in the Settlement Fund after all of the Class members have been paid?** |

Class counsel may petition the Court for additional attorney's fees (i.e. more than the $250,000 described in paragraph 6). Such a request would be limited by applicable law governing how much of a settlement fund can go to attorneys' fees, and it must be approved by the Court. Any money left over in the Fund after the payment of any such additional attorneys' fees will be distributed to a charitable organization as a "cy pres award." The charitable organizations that will receive any left over money in this case are called Shot in the Dark and Mass Liberation Arizona.

**Questions?**
**Call the Claims Administrator at XXX-XXX-XXXX or visit www._____.com.**

## THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

**18. Who represents the Settlement Class?**

For purposes of the Settlement, the Court has approved the appointment of the following as Settlement Class Counsel to work on behalf of the Settlement Class:

Sumayya Saleh

Ryan Downer
Bina Ahmad
Civil Rights Corps
1601 Connecticut Ave. NW, Ste. 800
Washington, DC 20005

Stanley Young
COVINGTON & BURLING LLP
5 Palo Alto Square
Palo Alto, California 94306

Timothy J. Eckstein, 018321
OSBORN MALEDON, P.A.
2929 N. Central Ave., Suite 2100

Phoenix, Arizona  85012-2793

You will not be charged for the services of Settlement Class Counsel. The only payments to Class Counsel come from the Settlement Fund (*see* Question 19).  If you want to be represented by your own lawyer, you may hire counsel at your own expense.

**19. How will the lawyers be paid?**

Settlement Class Counsel have not been paid any attorneys' fees and have not been reimbursed for any of their out-of-pocket expenses.  As payment for their work in the lawsuits and in obtaining the Settlement, Settlement Class Counsel intend to ask the Court to approve payment of Attorneys' Fee Awards (including costs) up to $250,000. If funds remain in the Settlement Fund after the full administration of the claims process, including Eligible Settlement Class Members' Cash Awards, Class Counsel may petition the Court for an additional attorneys' fee award.

Settlement Class Counsel will also ask the Court to approve Service Payments of $40,000 to be paid to each of the three Named Plaintiffs (for a total of $120,000) for the time and effort they contributed to the lawsuit and Settlement.

**20. When and where will the Court decide whether to give final approval to the Settlement?**

The Settlement has already been preliminarily approved by the Court. However, the Court will hold a hearing to decide whether to give final approval to the Settlement. You may attend and you may ask to speak at the hearing, but you don't have to.

The final fairness hearing will be held before Hon. Eric J. Markovich on _____, **2023 at** \_\_\_\_\_a.m./p.m. **in Room X at** _____. At the hearing or soon thereafter, the Court will decide whether the proposed Settlement is fair, reasonable, and adequate and will decide whether to grant final approval. If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing (*see* Question 22). The Court may also decide the amount of fees, costs, and expenses to award Settlement Class Counsel and whether to approve the Service Payment.

**Questions?**

**Call the Claims Administrator at XXX-XXX-XXXX or visit www._____.com.**

| 21. | Do I have to come to the Court's hearing? |
|---|---|

No. You do not need to attend the final fairness hearing. Settlement Class Counsel will answer any questions the Court may have. If you file an objection to the Settlement, you don't have to come to Court to talk about it, unless the Court requires you to do so or you wish to do so. As long as you filed and delivered your written objection on time, signed it, and provided all of the required information (*see* Question 14) the Court will consider it. If you file an objection and the Court requires you or your attorney's attendance at the hearing, you or your attorney will be notified by the Court or Settlement Class Counsel. If you wish, you or your own attorney may attend the final fairness hearing, at your own expense, but it is not required.

| 22. | May I speak at the Court's hearing? |
|---|---|

Yes. As long as you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file a written request with the Court saying that it is your "Notice of Intent to Appear at the Fairness Hearing" or have stated that you intend to appear in your objection. You must include your name, address, phone number, and signature. If you plan to have your own attorney speak for you at the hearing, you must also include the name, address, and telephone number of the attorney who will appear. Your written request must be sent to the Settlement Administrator (address provided in Question 11) and the Clerk of the Court (address provided in Question 14) by **_____, 2023**. The time, date, and location of the hearing may be changed by the Court without additional notice. If you plan to attend the hearing, you should confirm its time, date, and location with the Settlement Administrator.

| 23. | How can I get additional information? |
|---|---|

This Notice, the Settlement Agreement, and other documents related to this Settlement are available by contacting the Settlement Administrator at [insert address] or **XXX-XXX-XXXX** or visiting **www._____.com**.

**Direct any inquiries to the Settlement Administrator.**

**Do not contact the Clerk of Court or the Judge except as directed in this Notice.**

**Questions?**

**Call the Claims Administrator at XXX-XXX-XXXX or visit www._____.com.**