Sumayya Saleh (pro hac vice)
Bina Ahmad (pro hac vice)
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
(202) 656-5189
sumayya@civilrightscorps.org

Timothy J. Eckstein, 018321
OSBORN MALEDON, P.A.
2929 N. Central Ave., Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
teckstein@omlaw.com

Stanley Young (pro hac vice)
COVINGTON & BURLING LLP
5 Palo Alto Square
Palo Alto, California 94306
(650) 632-4704
syoung@cov.com

*Class Counsel*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deshawn Briggs, *et. al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>Treatment Assessment and Screening Center, Inc.,<br>                    Defendant. | No. CV-18-2684-PHX-EJM<br><br>**PLAINTIFFS' SUPPLEMENTAL UNOPPOSED MOTION FOR FINAL APPROVAL OF A CLASS ACTION SETTLEMENT WITH INCORPORATED MEMORANDUM OF LAW** |

Currently pending before the Court is Plaintiffs' Unopposed Motion for Final Approval of a Class Action Settlement, which lays out, among other things, the outcomes of the claims administration process, and asks the Court to approve the settlement after a final fairness hearing. *See* Doc. 423. Having had an opportunity to assess the outcomes of the settlement administration process and analyze the projected distribution of the Settlement Fund, Plaintiffs Deshawn Briggs, Lucia Soria, and Antonio Pascale (acting for

the Estate of Mark Pascale) (collectively, "Named Plaintiffs") identified an opportunity for redistribution of the Settlement Fund, with the primary goal of prioritizing payments to Settlement Class Members over the cy pres. Plaintiffs entered into a proposed Amendment to the Settlement Agreement (Amendment) with Defendant Treatment Assessment and Screening Center, Inc. (TASC) accordingly, and seek approval of this proposed modification.

The Settlement Administrator determined that 150 claimants are eligible for a Cash Award, for a total payment amount of $1,217,700.00.[1] After all distributions are made under the terms of the settlement agreement—including Notice and Administration Costs, Initial Attorneys' Fees Award, Service Payments to Named Plaintiffs, Cash Awards to Settlement Class Members who submitted Valid Claims, and any unopposed additional Attorneys' Fees Award, approximately $540,000 of the $2.6 million Settlement Fund would still remain and would be distributed to the two cy pres organizations identified in the Settlement Agreement.

But "[w]here it is still logistically feasible and economically viable to make additional pro rata distributions to class members, the district court should do so," rather than make a "cy pres distribution to a third party of unclaimed settlement funds." *Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) (cleaned up). In that vein, the parties entered into an Amendment, which, subject to Court approval, will allow for an incremental increase to the Cash Awards. *See* Amendment to the Settlement Agreement (Amendment), attached. Specifically, the Amendment authorizes a five-time multiplier of the baseline Cash Award per class member, rather than the four-time maximum multiplier that the Settlement Agreement authorizes. The Amendment also increases the unopposed Attorneys' Fee Award amount to $780,000.00 (30% of the Settlement Fund), within the

---

[1] At the time Plaintiffs filed their final approval motion, the Settlement Administrator had determined that 122 claimants were eligible for a cash award under the terms of the Settlement Agreement, for a total payment amount of $244,435.00. *See* Doc. 423-1 ¶ 17.

1    range the Ninth Circuit considers reasonable. *See Vizcaino v. Microsoft Corp.*, 290 F.3d
2    1043, 1047 (9th Cir. 2002).

3        Plaintiffs file this unopposed request for the Court to approve the Amendment at
4    the in-person Fairness Hearing, scheduled for May 7, 2024.

5    **I.    Relevant Terms of Settlement Agreement**

6        The proposed Settlement Agreement that this Court preliminarily approved, *see*
7    Doc. 419, requires the payment of the total sum of two million and six-hundred thousand
8    dollars ($2,600,000.00).[2] *See* Doc. 416-2, Settlement Agreement § VI.B. Subject to the
9    Court's final approval, the Settlement Agreement provides that the Settlement Fund
10   Payment will be allocated as follows:[3]

11   - **Class Member Payments:** As a starting point, each Settlement Class Member
12       who submits a Valid Claim will be entitled to receive one thousand dollars
13       ($1,000) plus an additional fifteen dollars ($15) for each day that the Settlement
14       Class Member remained on Pay-Only Extension. *See* Settlement Agreement §
15       VI.D.1. Depending on the number of Settlement Class Members (i.e. how
16       many claimants are deemed eligible for a Cash Award) this amount may be
17       increased or decreased, with a maximum increase of four times of the total
18       amount Settlement Class Members would otherwise be entitled to. *See id.* §
19       VI.E.

20   - **Attorneys' Fee Award:** Class Counsel may petition for, and TASC will not
21       oppose, an initial request of $250,000 in attorneys' fees. If funds remain in the
22       Settlement Fund after the full administration of the claims process, including
23       eligible Settlement Class Members' Cash Awards, Class Counsel may petition
24       the Court for an attorneys' fee award in addition to the initial Attorneys' Fee
25       Award. TASC agreed not to oppose any additional Attorneys' Fee Award so

27   [2] A copy of the proposed Settlement Agreement (with its exhibits) was filed along with
28   Plaintiffs' motion for preliminary approval. *See* Docs. 416-2–416-9.
     [3] Capitalized terms are defined in the Settlement Agreement.

long as the total Attorneys' Fee Award does not exceed $650,000, or twenty-five percent (25%) of the Settlement Fund Payment. *See* Settlement Agreement § VIII.A.

- **Service Payments to Named Plaintiffs:** $120,000 will be distributed equally among Named Plaintiffs ($40,000 each) as payments for the service they provided in representing the classes in this litigation. *See* Settlement Agreement VIII.B.

- **Claims Administration:** Notice and Administration costs will be paid from the Settlement Fund. *See* Settlement Agreement VI.B.1. The final claim administration cost was $73,010. *See* Doc. 423-1, Declaration of Bryn Bridley (Bridley Decl.) ¶ 20.

- ***Cy Pres*:** After the distribution of payments to Notice and Administration Costs, Initial Attorneys' Fees Award, Service Payments to Named Plaintiffs, Cash Awards to Settlement Class Members who submitted Valid Claims, and Additional Attorneys' Fees Award, the remaining money would be paid to the *cy pres* organizations Shot in the Dark and Mass Liberation Arizona. *See* Settlement Agreement § VI.C.1.

## II.    Outcomes of Settlement Administration

Following extensive notice procedures that included mail to last known addresses, the creation of a settlement website, and social media advertising, 407 claimants submitted a Claim Form, of which, at the time of filing the Motion for Final Approval (Doc. 423), the Settlement Administrator determined only 122 were eligible for a Cash Award. *See* Doc. 423 at 11; Doc. 423-1 ¶ 13. 40 claims were still under review at that time. *Id.* ¶ 13. The Settlement Administrator has since completed review of the pending claims and determined that that there are 150 Settlement Class Members who are eligible for a Cash Award. *See* Second Declaration of Bryn Bridley (Bridley 2d Decl.) ¶ 5, attached.

Because the Cash Awards for these 150 Settlement Class Members only totals $304,425.00, *id.* ¶ 9, the four time *pro rata* multiplier contemplated in the Settlement

Agreement kicks in, *see* Settlement Agreement § VI.E.1.a. Applying the four-time multiplier, distribution of the Settlement Fund would be as follows:

| Settlement Fund Amount | $2,600,000.00 |
|---|---|
| Notice and Administration Costs | $73,010.00 |
| Class Member Payments | $1,217,700.00 |
| Service Payments to Named Plaintiffs | $120,000.00 |
| Initial Attorneys' Fee Award | $250,000.00 |
| *Cy Pres* | $939,290.00 |

Significantly, the $939,290.00 remaining for the cy pres organizations would constitute 36% of the total Settlement Fund.

If Plaintiffs petitioned for and received the uncontested amount of Additional Attorneys' Fees – an additional $400,000, for a total of $650,000 –the distribution of the Settlement Fund would be as follows:

| Settlement Fund Amount | $2,600,000.00 |
|---|---|
| Notice and Administration Costs | $73,010.00 |
| Class Member Payments | $1,217,700.00 |
| Service Payments to Named Plaintiffs | $120,000.00 |
| Initial Attorneys' Fee Award | $250,000.00 |
| Additional Attorneys' Fee Award | $400,000.00 |
| *Cy Pres* | $539,290.00 |

Even under this scenario, more than half a million dollars, approximately 20% of the total Settlement Fund, would go to the cy pres organizations, whereas eligible class members would get less than 50%.

**III.    Proposed Amendment to Settlement Agreement.**

In the interest of maximizing Cash Awards to Settlement Class Members, and in light of Class Counsel's entitlement to reasonable fees and expenses subject to approval

of the Court and to be paid from the Settlement Fund, the parties entered into an Amendment to the Settlement Agreement, which, subject to Court approval, would result in two modifications to the Settlement Agreement:

- **Class Member Payments:** Cash Awards shall be increased *pro rata* up to a maximum of *five times* of the total amount that Settlement Class Members would otherwise be entitled to, rather than a maximum of a four-time multiplier.
- **Attorneys' Fee Award:** TASC will not oppose any petition for an Additional Attorneys' Fees Award that, combined with the initial Attorneys' Fees Award, would result in an overall fee award of seven hundred eighty thousand dollars ($780,000) or less (i.e., thirty percent (30%) or less of the Settlement Fund Payment).

*See* Amendment at 5–6.

Applying both of these provisions, the distribution of the Settlement Fund would be as follows:

| | |
|---|---|
| **Settlement Fund Amount** | $2,600,000.00 |
| **Notice and Administration Costs** | $73,010.00 |
| **Class Member Payments** | $1,522,125.00 |
| **Service Payments to Named Plaintiffs** | $120,000.00 |
| **Initial Attorneys' Fee Award** | $250,000.00 |
| **Additional Attorneys' Fee Award** | $530,000.00 |
| *Cy Pres* | $104,865.00 |

## IV.    The Amendment Is Fair, Reasonable, and Adequate.

The Court should approve the Amendment because it is "fair, reasonable, and adequate" under Federal Rule of Civil Procedure 23(e). *See* Manual for Complex Litigation (Fourth) § 21.634 (2004) (quotations omitted). Relevant here, the Amendment was negotiated at arm's length, Settlement Class Members will be better compensated,

6

1  and the proposal continues to treat class members equitably relative to each other. *See*

2  Fed. R. Civ. P. 23(e).[4]

3  **A. The Amendment Was Negotiated at Arm's Length.**

4  The parties entered into the Amendment after an informed arm's length

5  negotiation, prompted by Plaintiffs' analysis of the Settlement Fund distribution and

6  desire to prioritize Settlement Class Members who submitted Valid Claims over the cy

7  pres organizations. Just like the Settlement Agreement, the Amendment bears none of the

8  traditional signs of collusion, given the majority of the Settlement Fund is designed to go

9  to Class Members rather than Class Counsel. *See In re Bluetooth Headset Prods. Liab.*

10  *Litig.*, 654 F.3d 935, 946-48 (9th Cir. 2011). Indeed, the driving force behind the

11  Amendment was to increase the distribution to Settlement Class Members, and the

12  amount of uncontested Attorneys' Fees was increased within the limits deemed

13  reasonable in this Circuit, *see infra* at 9–10. Finally, Class Counsel believe that the

14  Amendment is fair, reasonable, and adequate, which carries "a presumption of

15  reasonableness." *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *4 (N.D. Cal.

16  Feb. 2, 2009).

17  **B. Class Members Will Be Adequately Compensated.**

18  *The Relief Provided to the Class*. When considering whether class members will

19  be adequately compensated, the relief the settlement will provide to class members is a

20  "central concern." Fed. R. Civ. P. 23(e) advisory committee notes (2018 amendment).

21  Here, the Amendment increases compensation to Settlement Class Members who

22  submitted Valid Claims.

23  Specifically, after Atticus completed its review of all Valid Claims, it determined

24  that there are 150 claimants eligible for a Cash Award. Bridley 2d Decl. ¶ 5. Applying

25  the baseline formula in the Settlement Agreement, $1,000 plus $15 per day of pay-only

26

27  [4] Plaintiffs rely on the fulsome analysis of the Rule 23(e) and *Churchill* factors included

28  in their Motion for Final Approval. Doc. 423 at 7–14. Here, they focus their analysis on
only the portions of that analysis that the Amendment implicates.

extension, *see* Settlement Agreement § VI.D.1.—the median payment amount per class member is $2,035.00, and the total Cash Award amount is $304,425.00. *Id.* ¶ 9. Under the maximum four-time multiplier authorized by the Settlement Agreement, the median payment amount would increase to $8,140.00, and the total Cash Award amount would be $1,217,700.00. *Id.* ¶ 10.

The Amendment increases these figures slightly, and without fully exhausting the Settlement Fund. Specifically, applying a multiplier of five, the median payment amount would be $10,175.00, and the total Cash Award amount would be $1,522,125.00. *Id.* ¶ 11.

This increase is consistent with the general principle that a pro rata distribution is the general preference over distribution to cy pres organizations. In fact, "because the settlement funds are the property of the class, a cy pres distribution to a third party of unclaimed settlement funds is permissible only when it is not feasible to make further distributions to class members." *Klier*, 658 F.3d at 475 (cleaned up). In that vein, "[w]here it is still logistically feasible and economically viable to make additional pro rata distributions to class members, the district court should do so." *Id.* Here, the Amendment is favorable because it increases distributions to class members who are entitled to compensation, giving them preference over the cy pres organizations.

*The Terms of the Proposed Award of Additional Attorneys' Fees.* Class Counsel now seeks an additional $530,000 in attorneys' fees, only $130,000 more than the upper limit authorized by the Settlement Agreement. *See* Settlement Agreement § VII.A.2. They are seeking these additional fees only after seeking to increase class member payments, and only because additional money remains in the settlement fund. Importantly, the $780,000 total that Class Counsel seeks is only about 15% of the millions of dollars of fees and costs they incurred in litigating this case. *See* Doc. 416-1, Declaration of Sumayya Saleh ¶ 49.

**C. The Proposal Treats Class Members Equitably Relative to Each Other.**

The proposed Amendment continues to treat class members equitably relative to each other. *See* Doc. 423 at 12–13. The amount of each eligible class member's Cash

1    Award will still be proportional to the length of their pay-only extension, which also

2    correlates to the number of the urinalysis tests they had to take during the pay-only period.

3    *Id.* at 12. Under the Amendment, the only difference is that the baseline Cash Award

4    amount will be increased by a factor of five rather than a factor of four.

5        In accordance with the terms of the Amendment, Class Counsel seek to recover

6    $780,000 in attorneys' fees and costs. In a common fund case like this one, the court has

7    discretion to apply either the percentage or lodestar method to evaluate the reasonableness

8    of this request. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019).

9    Under either standard, $780,000 in attorneys' fees is reasonable.

10   **V.    The Additional Attorneys' Fees Are Reasonable.**

11       A "reasonableness" standard governs both the percentage and lodestar methods.

12   *In re Optical Disk Drive Products Antitrust Litig.,* 959 F.3d 922, 929 (9th Cir. 2020). A

13   "reasonable" result using the percentage method is between 20%-30% of the total

14   settlement. *Vizcaino*, 290 F.3d at 1047 (9th Cir. 2002) (citations omitted). The Court

15   should consider all the circumstances of the case to arrive at a reasonable percentage. *Id.*

16   at 1048. Here, Class Counsel's request for $780,000 amounts to 30% of the Settlement

17   Fund. The circumstances of the case—including Plaintiffs' successful litigation results

18   on dispositive and discovery motions alike—entitle them to the upper limit of what is

19   considered a reasonable percentage in the Ninth Circuit. *See id.* (considering the

20   exceptional results counsel achieved, among other factors); *see also Vasquez v. Coast

21   Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010) (listing cases in the Ninth

22   Circuit that authorized attorneys' fee awards of 30% or more).[5]

23       As for the lodestar method, a "reasonable" multiplier when using the lodestar

24   method is between 1.0 and 4.0. *Vizcaino*, 290 F.3d at 1051. Class Counsel estimate that

25   they incurred approximately $5 million in time value over the course of litigation. Doc.

26

27   _____

28   [5] Class Counsel also note that the $780,00 also includes their out-of-pocket costs of
     litigation, not merely compensation for the time they spent litigating this case. *See*
     Settlement Agreement § VIII.A.

1   416-1, Declaration of Sumayya Saleh ¶ 49. Their proposed fee award is the equivalent of
2   an approximately 0.156 multiplier to the accrued fees, a significant downward departure
3   from the lower reasonableness limit. Even if the Court were to significantly reduce the
4   applicable rate, the request would be considered reasonable.

5   **VI.    Conclusion**

6          For these reasons, Plaintiffs respectfully request that the Court grant final approval
7   of the proposed class action Settlement Agreement and Amendment and certify the
8   proposed settlement class at the Final Fairness Hearing.

10         DATED this 1st day of May, 2024.

11                                         s/ *Sumayya Saleh*
12                                         Sumayya Saleh
                                           Bina Ahmad
13                                         CIVIL RIGHTS CORPS
                                           1601 Connecticut Ave. NW, Suite 800
14                                         Washington, D.C. 20009

15                                         Timothy J. Eckstein
                                           OSBORN MALEDON
16                                         2929 N. Central Ave., Suite 2100
                                           Phoenix, Arizona 85012-2793

17                                         Stanley Young
18                                         COVINGTON & BURLING LLP
                                           5 Palo Alto Sq.
19                                         Palo Alto, CA 94306

20                                         *Class Counsel*