**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Deshawn Briggs, et al.,

        Plaintiffs,

v.

William Montgomery, et al.,

        Defendants.

No. CV-18-02684-PHX-EJM

**FINAL CLASS ACTION
SETTLEMENT APPROVAL ORDER**

Currently pending before the Court is Plaintiffs' Unopposed Motion for Final Approval of a Class Action Settlement with Incorporated Memorandum of Law (Doc. 423), Plaintiffs' Supplemental Unopposed Motion for Final Approval of a Class Action Settlement with Incorporated Memorandum of Law (Doc. 425), and Plaintiffs' Unopposed Motion for Attorneys' Fees (Doc. 428). Following the May 7, 2024, Fairness Hearing held pursuant to Rule 23(e)(2), Federal Rules of Civil Procedure, Plaintiffs filed a Proposed Final Order and Judgment Approving Class Action Settlement (Doc. 427) for the Court's review. Having fully considered the motions (Doc. 423, 425, 428), the Parties' arguments and submissions regarding the same, and the applicable facts and law, **IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Motion for Final Approval of a Class Action Settlement with Incorporated Memorandum of Law (Doc. 423), Plaintiffs' Supplemental Unopposed Motion for Final Approval of a Class Action Settlement with Incorporated Memorandum of Law (Doc. 425), and Plaintiffs' Unopposed Motion for Attorneys' Fees (Doc. 428) are **GRANTED**.

. . .

**IT IS FURTHER ORDERED** as follows:

1.      **Jurisdiction.**    The Court has personal jurisdiction over Named Plaintiffs Deshawn Briggs, Lucia Soria, and Antonio Pascale (on behalf of the Estate of Mark Pascale) (collectively, "Named Plaintiffs"), Defendant Treatment Assessment and Screening Center, Inc. ("TASC"), and all Settlement Class Members.  Moreover, this Court has subject matter jurisdiction to approve the Settlement, Settlement Agreement, all exhibits thereto, and the Amendment to the Settlement Agreement.

2.      **Final Settlement Approval.**  The Court approves the Settlement Agreement and the Amendment to the Settlement Agreement reached by Named Plaintiffs and Defendant TASC (the "Settlement"). The Court finds that the Settlement Agreement, the Settlement set forth therein, the Amendment to the Settlement Agreement, all exhibits attached to the Settlement Agreement, the Unopposed Motion for Final Approval of Class Action Settlement, and the Supplemental Motion for Final Approval are fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class, and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties. The Court directs the Parties and their counsel to implement and consummate the Settlement in accordance with its terms and provisions.

3.      **Class.**  For purposes of this Judgment (and for settlement purposes only), the Court certifies the following class:

> All individuals who, at any time between August 23, 2016, and August 15, 2020, (1) were enrolled in the marijuana diversion program (POM) operated by Defendants TASC and the Maricopa County Attorney's Office (MCAO); and (2) at some point in time during their enrollment, satisfied all program requirements for successful completion other than payment of program fees; and (3) after that point in time, were required to remain on the program solely because they had not paid the required fees, without any determination that their nonpayment was willful.

4.      **Named Plaintiffs.**  For purposes of this Judgment (and for settlement purposes only), the Court appoints Deshawn Briggs, Lucia Soria, and Antonio Pascale (as

the duly appointed representative of the Estate of Mark Pascale) as representatives of the Settlement Class.

5. **Class Counsel.**   For settlement purposes only, the Court appoints the following attorneys to act as Class Counsel for the Settlement Class:

Sumayya Saleh
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009


Stanley Young
COVINGTON & BURLING LLP
3000 El Camino Real, 5 Palo Alto Square, 10th Floor
Palo Alto, California 94306


Timothy Eckstein, 018321
OSBORN MALEDON, P.A.
2929 N. Central Ave., Suite 2100
Phoenix, Arizona  85012-2793


6. **Adequate Representation.**   The Court finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement.

7. **Res judicata.**   The Court declares this Settlement Agreement and Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release Provisions maintained by or on behalf of the Named Plaintiffs and all Settlement Class Members, as well as their respective present, former, and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest, and successors.

8. **Settlement Administrator.**  The Court previously appointed the Settlement Administrator designated by the Parties, Atticus Administration, LLC, in accordance with

the Settlement Agreement.  (Doc. 419 at 3.[1])  The Settlement Administrator shall be an agent of the Court and subject to the Court's supervision and direction as circumstances may require.

9.    **CAFA Notice.**    Defendant TASC properly and timely notified the appropriate government officials of the Settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed the substance of Defendant's notice and finds that it complied with all applicable CAFA requirements. Further, Defendant's CAFA notice preceded the Fairness Hearing by more than ninety (90) days.  (*See* Doc. 424.)

10.    **Notice Program.**  The Court finds that the Settlement Class Notice Program constituted the best practicable notice, and constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class: (a) of the pendency of the Litigation and the essential terms of the Settlement; (b) of the procedures for allocating the Settlement Fund; (c) of any requested amounts for Attorneys' Fee Awards and/or Service Payments; (d) of the right of members of the Settlement Class to exclude themselves from the Settlement Class and the proposed Settlement; (e) of the right of members of the Settlement Class to seek monetary and other relief; (f) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; (g) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for Attorneys' Fee Awards and/or Service Payments and, if he or she desires, enter an appearance personally or through counsel; (h) of the time and place of the Final Fairness Hearing and of their right to appear at the Final Fairness Hearing; and (i) of the name and address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries. The Court finds that the Settlement Class Notice Program constituted reasonable, due, adequate, and sufficient notice to all Persons entitled to receive notice and meets all requirements of due process and any other applicable law. The Court further finds that the notices are written in plain

---

[1] Page citations refer to the CM/ECF page number for ease of reference.

English and are readily understandable by members of the Settlement Class.

11.    **Name and/or Address Update Form.**  The Court approves the Name and/or Address Update Form that was distributed to the Settlement Class, the content of which as without material alteration from Exhibit 7 to the Settlement Agreement.  (*See* Doc. 423-1 at 9.)  Any member of the Settlement Class who wished to change their name, address, or form of payment (from check to electronic payment form) had the opportunity to submit the form no later than ninety (90) days after the Notice Date.[2]

12.    **Notice.**  The Court approves the form and content of the Class Notice, the content of which is without material alteration from Exhibits 2 and 3 to this Settlement Agreement, and finds they were fair, reasonable, and adequate.  (*See* Doc. 423-1 at 10–15.) Notice was disseminated to the Settlement Class in accordance with the Settlement Class Notice Program and the Settlement Agreement and as due process and Rule 23 of the Federal Rules of Civil Procedure require.

13.    **Opt-Out and Objection Deadline.**  The "Opt-Out and Objection Deadline," that is, the final date by which any member of the Settlement Class must file any request for exclusion or objection to this Settlement, was November 27, 2023 (90 days after the Notice Date).  No member of the Settlement Class filed any request for exclusion or objection to this Settlement.  (*See* Doc. 423-1 at 4 ¶ 11.)  Accordingly, there are no members of the Settlement Class who have timely requested exclusion from the Settlement Class and who shall neither share in nor be bound by the Final Order and Judgment.

14.    As such, all members of the Settlement Class are bound by this Final Approval Order, even if they previously initiated or subsequently initiate individual litigation or other proceedings encompassed by the Release.

15.    Any Settlement Class Member who did not file a timely written objection to the Settlement or who failed to otherwise comply with the requirements of Section IX of

---

[2] The "Notice Date" means the first day on which the Settlement Administrator and/or other parties begin disseminating the Class Notice, and was designated to be no later than thirty (30) days after the Preliminary Approval Date.  (Doc. 419 ¶ 10 n.1).

the Settlement Agreement is foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

16. **Permanent Injunction.** The Court enjoins all members of the Settlement Class who did not exclude themselves from the Settlement Class from: (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims;[3] (ii) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by counsel for the Parties as a result of the violation. This Order is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a local, state, or federal agency.

17. **Dismissal.** The Court **DISMISSES** the Litigation against Defendant TASC on the merits and with prejudice and with the Parties to bear their own fees or costs, excepts as specifically provided in the Settlement Agreement and in accordance with the terms of the Final Order and Judgment, and any later approved motions or petitions for additional Attorneys' Fees.

---

[3] "Litigation" and "Released Claims" shall have the same meanings as set forth in the Settlement Agreement, Section II.P. and GG respectively.  (Doc. 416-2 at 6, 8.)

18. **Release.**  The Court adjudges that the Named Plaintiffs and the Settlement Class have conclusively settled, dismissed, and released any and all Released Claims against the Released TASC Persons, as defined in the Settlement Agreement.  (*See* Doc. 416-2 at 8 §§ GG, HH.)  Upon the Effective Date of this Order as defined in the Settlement Agreement (Doc. 416-2 at 30 § XIII), the Named Plaintiffs and all Settlement Class Members have released and shall be barred from asserting any and all Released Claims against the Released TASC Persons.

19. **Administration Costs.**  The Court approves the payment of Notice and Administration Costs to Atticus Administration LLC, for an approximate amount of $73,010.00.

20. **Service Payments.**  The Court approves the payment of $40,000.00 Service Payments to each Named Plaintiff, for a total of $120,000.00.

21. **Attorneys' Fees and Costs.**  The Court **GRANTS** Plaintiffs' Unopposed Motion for Attorneys' Fees (Doc. 428) and awards Class Counsel initial attorneys' fees in the amount of $250,000.00 and additional attorneys' fees in the amount of $530,000.00. The total award is $780,000.00 and shall be disbursed from the Settlement Fund.  The Court finds these amounts to be reasonable upon consideration of how the fee award compares to the total recovery in favor of the class ("percentage method").  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled in part on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ("The percentage method means that the court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee."); *see also Lowery v. Rhapsody Internat'l, Inc.*, 75 F.4th 985, 990 (9th Cir. 2023).  In "common fund" cases, district courts have "discretion to use either a percentage or lodestar method."  *Hanlon*, 150 F.3d at 1029 (citations omitted); *see also In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019) (en banc) (there is no presumption in favor of either the percentage or the lodestar method).

(a) Rule 23(h), Federal Rules of Civil Procedure, authorizes this Court to grant a Rule 54(d) motion for reasonable attorneys' fees "that are authorized by

the parties' agreement." Fed. R. Civ. P. 23(h).  Additionally, Class Counsel are entitled to fees pursuant to Section 1988(b), Title 42, United States Code.

(b) The parties have agreed that Class Counsel may be compensated in the amount of $250,000.00 in initial attorneys' fees and $530,000.00 in additional attorneys' fees for a total of $780,000.00.  This compensation is for the hours worked by Class Counsel, as well as expenses they incurred during this litigation.

(c) Class Counsel obtained a settlement of $2.6 million.  Class Counsel's requested fee award is thirty (30) percent of the Settlement's maximum cash value.  This is within the range approved by the Ninth Circuit.  *See Lowery v. Rhapsody Internat'l Inc.*, 75 F.4th 985, 990 (9th Cir. 2023) (citing *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019) (en banc)) ("The typical benchmark for the percentage-of-recovery approach is 25%, but a court can—as in the lodestar method—adjust that benchmark up or down."); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047–50 (9th Cir. 2002) (upholding a percentage fee award of 28% and noting "20–30% as the usual range.").  The Court finds that the percentage method favors approval of the requested fee award.

(d) The Court further finds that Class Counsel directed notice of their request for attorneys' fees to settlement class members in a reasonable manner, and no class members objected.  *See* Fed. R. Civ. P. 23(h)(1)–(2).

(e) The Court also finds that counsel "achieved exceptional results for the class." *Vizcaino*, 290 F.3d at 1048 (citation omitted).  At the Fairness Hearing, Named Plaintiff Deshawn Briggs expressed his appreciation for the efforts of his counsel and the result of this litigation, highlighting the positive impact that this settlement will have on the class members.

(f) Upon review of the affidavit submitted by Class Counsel and the docket, the Court finds that this case has been pending for more than five (5) years; Class

Counsel succeeded in withstanding summary judgment; Class Counsel has worked in excess of 9,000 hours on this litigation; the litigation included, *inter alia*, depositions, client meetings, document review and disclosure, motion practice, and extensive settlement negotiations; Class Counsel advanced approximately $180,000.00 in costs; and the investment in this case presented a large risk to Class Counsel.

(g) The Court has performed a cross-check using the lodestar method.  "Under the lodestar method, the court multiplies the number of hours reasonably spent on the case by a reasonable hourly rate."  *Lowery*, 75 F.4th at 990 (citing *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 570).  The Court does not have precise billing records before it; however, it finds Class Counsel's approximation of greater than 9,000 person hours valued at approximately $5 million sufficient to affirm the reasonableness of the percentage method award.  *See Vizcaino*, 290 F.3d at 1050–51 (affirming a risk multiplier of 3.65).  Here, the Court would have to apply a 0.156 multiplier to reach Class Counsel's requested fees.  This is a significant downward departure.  Accordingly, the Court finds Class Counsel's requested fees reasonable.

22.  **Payment.**  The Court approves the payment of Cash Awards to Settlement Class Members who submitted a Valid Claim, in accordance with the terms of the Settlement.  The Settlement Administrator has identified 150 Settlement Class Members who are eligible for a Cash Award, for an approximate total amount of $1,522,125.00.

23.  *Cy pres.*  The Court approves the payment of any additional funds (including any interest that has accrued, or unclaimed check payments to Settlement Class Members which are voided as more than ninety (90) calendar days from the date issued), remaining in the Settlement Fund to the two (2) *cy pres* organizations identified in the Settlement: Shot in the Dark and Mass Liberation Arizona.  (*See* Doc. 416-2 at 16 § VI.E.3.)

24.  **Retention of Jurisdiction.**  Without affecting the finality of this Final Order

and Judgment, the Court reserves jurisdiction over the Settlement Administrator, TASC, the Named Plaintiffs, and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement, the Settlement Agreement, and this Order and Judgment.

25.     **Modification of Settlement Agreement.**  The Court authorizes the Parties, without further approval from the Court to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits hereto as: (1) shall be consistent in all material respects with this Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

26.     **Entry of Judgment.**  There is no just reason to delay the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b), Federal Rules of Civil Procedure.

Dated this 30th day of May, 2024.

Eric J. Markovich
United States Magistrate Judge